RANDY S. GROSSMAN
Acting United States Attorney
GLEN F. DORGAN (SBN 160502)
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7665
Fax: (619) 546-7751
Email: glen.dorgan@usdoj.gov

Attorneys for Defendant LLOYD AUSTIN, Secretary U.S. Dept. of Defense

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MADDERN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LLOYD AUSTIN, in his capacity as Secretary of the United States Department of Defense,<br><br>　　　　　　　Defendants. | Case No. 3:21-cv-01298-MMA-BLM<br><br>**DEFENDANT' ANSWER TO COMPLAINT** |

　　　　Defendant LLOYD AUSTIN, in his capacity as Secretary of the United States Department of Defense ("Defendant") answers the Plaintiff's Complaint as follows:

　　　　1.　　Paragraph 1 of the Complaint contains legal conclusions and questions of law to be determined solely by the court, and to which no answer is required. To the extent an answer is required, Defendant admits that the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* supplies the jurisdictional basis for this action.

　　　　2.　　Paragraph 2 of the Complaint contains legal conclusions and questions of law to be determined solely by the court, and to which no answer is required. To the extent an answer is required, Defendant admits that the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* supplies the jurisdictional basis for this action.

3.      In response to Paragraph 3 of the Complaint, Defendant admits that venue in this Court is proper.

4.      Defendant admits the allegations of paragraph 4 of the Complaint.

5.      Defendant admits the allegations of paragraph 5 of the Complaint.

6.      In response to paragraph 6 of the Complaint, Defendant admits that Plaintiff is approximately 73 years of age and resides in El Cajon, California.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint and, on that basis, denies the allegations.

7.      Defendant admits the allegations of paragraph 7 of the Complaint.

8.      Defendant admits the allegations of paragraph 8 of the Complaint.

9.      In response to paragraph 9 of the Complaint, Defendant admits that Plaintiff has accurately quoted Chapter 4, Section 6.1, paragraph 4.1 of the TRICARE Policy Manual in effect at the relevant time.  To the extent Plaintiff alleges, by implication, that this provision controls to the exclusion of other applicable policies and regulations, the allegation is a legal conclusion to be determined solely by the court and no answer is required.  To the extent an answer is required in response to the implied allegation, Defendant denies the allegation.

10.      Paragraph 10 of the Complaint contains legal conclusions and questions of law to be determined solely by the court, and to which no answer is required.  To the extent an answer is required, Defendant admits that 32 C.F.R. § 199.4(a)(1)(i) establishes the scope of TRICARE benefits to include "medically . . . necessary services and supplies required in the diagnosis and treatment of illness or injury," subject "to all applicable definitions, conditions, limitations, or exclusions."  To the extent Plaintiff alleges, by implication, that this provision controls to the exclusion of other applicable policies and regulations, the allegation is a legal conclusion to be determined solely by the court and no answer is required.  To the extent an answer is required in response to the implied allegation, Defendant denies the allegation.

///

11. In response to Paragraph 11, Defendant admits Plaintiff was diagnosed with lumbar spinal stenosis. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint and, on that basis, denies the allegations.

12. The allegations of Paragraph 12 describe a medical condition using non-medical and/or undefined terms. Accordingly, while Defendant admits that lumbar spinal stenosis is a term generally used among medical practitioners to describe a narrowing of the spinal canal in the lower region of the spine, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Complaint and, on that basis, denies the allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and, on that basis, denies the allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and, on that basis, denies the allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and, on that basis, denies the allegations.

16. The allegations of Paragraph 16 describe a medical procedure using non-medical and/or undefined terms. Accordingly, while Defendant admits that a surgical laminectomy is a recognized treatment for lumbar spinal stenosis, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 of the Complaint and, on that basis, denies the allegations.

17. The allegations of Paragraph 17 describe a medical procedure using non-medical and/or undefined terms. Accordingly, while Defendant admits that a surgical laminectomy involves the removal of a portion of the vertebral bone, Defendant is without

///

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 of the Complaint and, on that basis, denies the allegations.

18. The allegations of Paragraph 18 describe a medical procedure using non-medical and/or undefined terms.  Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and, on that basis, denies the allegations.

19. The allegations of Paragraph 19 describe a medical procedure using non-medical and/or undefined terms.  Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and, on that basis, denies the allegations.

20. The allegations of Paragraph 20 describe a medical procedure using non-medical and/or undefined terms.  Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and, on that basis, denies the allegations.

21. The allegations of Paragraph 21 describe a medical procedure using non-medical and/or undefined terms.  Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and, on that basis, denies the allegations.

22. The allegations of Paragraph 22 describe a medical procedure using non-medical and/or undefined terms.  Accordingly, while Defendant admits that interspinous spacers are products marketed as a treatment for spinal stenosis, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and, on that basis, denies the allegations.

23. The allegations of Paragraph 23 describe a medical procedure using non-medical and/or undefined terms.  Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and, on that basis, denies the allegations.

///

24. The allegations of Paragraph 24 describe a medical procedure using non-medical and/or undefined terms. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and, on that basis, denies the allegations.

25. The allegations of Paragraph 25 describe a medical procedure using non-medical and/or undefined terms. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and, on that basis, denies the allegations.

26. The allegations of Paragraph 26 describe a medical procedure using non-medical and/or undefined terms. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and, on that basis, denies the allegations.

27. The allegations of Paragraph 27 describe a medical procedure using non-medical and/or undefined terms. Accordingly, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and, on that basis, denies the allegations.

28. Defendant admits the allegations of Paragraph 28 of the Complaint.

29. Defendant admits the allegations of Paragraph 29 of the Complaint.

30. In response to Paragraph 30, Defendant admits that the FDA website cited in footnote 2 states that the FDA considers the premarket approval process to be the most stringent type of device marketing application required. Defendant denies the remaining allegations of Paragraph 30.

31. Defendant admits the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant admits the allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Defendant admits the allegations of Paragraph 36 of the Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and, on that basis, denies the allegations.

38. Defendant admits the allegations of Paragraph 38 of the Complaint.

39. Defendant admits the allegations of Paragraph 39 of the Complaint.

40. Defendant admits the allegations of Paragraph 40 of the Complaint.

41. In response to Paragraph 41, Defendant admits that the hearing before ALJ Noel commenced on August 23, 2019; the hearing lasted nearly four hours; testimony was received from Plaintiff, his wife, and his physician; and numerous exhibits were received at the hearing. Defendant denies the remaining allegations of Paragraph 41.

42. In response to Paragraph 42, Defendant admits that Plaintiff submitted pre- and post-hearing briefs to ALJ Noel. Defendant denies the remaining allegations of Paragraph 42.

43. Paragraph 43 of the Complaint contains legal conclusions and questions of law to be determined solely by the court, and to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

44. Defendant admits the allegations of Paragraph 44 of the Complaint.

45. Defendant admits the allegations of Paragraph 45 of the Complaint.

46. Defendant admits the allegations of Paragraph 46 of the Complaint.

47. Defendant admits the allegations of Paragraph 47 of the Complaint.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint and, on that basis, denies the allegations.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint and, on that basis, denies the allegations.

///

///

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint and, on that basis, denies the allegations.

51. Paragraph 51 of the Complaint contains legal conclusions and questions of law to be determined solely by the court, and to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

52. Defendant admits the allegations of Paragraph 52 of the Complaint, but Defendant denies any allegation, implied or otherwise, that Paragraphs 52 through 57 accurately identify the totality of the parties' communications in chronological fashion.

53. Defendant admits the allegations of Paragraph 53 of the Complaint, but Defendant denies any allegation, implied or otherwise, that Paragraphs 52 through 57 accurately identify the totality of the parties' communications in chronological fashion.

54. Defendant admits the allegations of Paragraph 54 of the Complaint, but Defendant denies any allegation, implied or otherwise, that Paragraphs 52 through 57 accurately identify the totality of the parties' communications in chronological fashion.

55. Defendant admits the allegations of Paragraph 55 of the Complaint, but Defendant denies any allegation, implied or otherwise, that Paragraphs 52 through 57 accurately identify the totality of the parties' communications in chronological fashion.

56. Defendant admits the allegations of Paragraph 56 of the Complaint, but Defendant denies any allegation, implied or otherwise, that Paragraphs 52 through 57 accurately identify the totality of the parties' communications in chronological fashion.

57. Defendant admits the allegations of Paragraph 57 of the Complaint, but Defendant denies any allegation, implied or otherwise, that Paragraphs 52 through 57 accurately identify the totality of the parties' communications in chronological fashion.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

60. In response to Paragraph 60 of the Complaint, Defendant admits that the decision concluded (1) Plaintiff has the burden of proof in establishing that the medical

treatment or procedure was "proven" on the date the medical treatment or procedure is rendered; and (2) Plaintiff failed to meet his burden of proof. Defendant denies all remaining allegations of Paragraph 60.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint and, on that basis, denies the allegations.

62. In response to Paragraph 62, Defendant denies that the Secretary "fail[ed] to provide coverage in accordance with the statute, regulations, and coverage manuals." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62 of the Complaint and, on that basis, denies the allegations.

63. Defendant incorporates the above responses to the allegations of the Complaint as if fully set forth herein.

64. Paragraph 64 of the Complaint contains a prayer for relief in response to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

65. Paragraph 65 of the Complaint contains a prayer for relief in response to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

66. Defendant incorporates the above responses to the allegations of the Complaint as if fully set forth herein.

67. Paragraph 67 of the Complaint contains a prayer for relief in response to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

68. Paragraph 68 of the Complaint contains a prayer for relief in response to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

///

69. Defendant incorporates the above responses to the allegations of the Complaint as if fully set forth herein.

70. Paragraph 70 of the Complaint contains a prayer for relief in response to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

71. Paragraph 71 of the Complaint contains a prayer for relief in response to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

72. Defendant incorporates the above responses to the allegations of the Complaint as if fully set forth herein.

73. Paragraph 73 of the Complaint contains a prayer for relief in response to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

74. Paragraph 74 of the Complaint contains a prayer for relief in response to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

75. Defendant incorporates the above responses to the allegations of the Complaint as if fully set forth herein.

76. Paragraph 76 of the Complaint contains a prayer for relief in response to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

77. Paragraph 77 of the Complaint contains a prayer for relief in response to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

78. As to Plaintiffs' Prayer for Relief at page 10, lines 1-7, of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

///

///

AND FURTHER, by way of affirmative and other defenses, Defendant alleges as follows:

1. Plaintiffs have failed to state a claim for which relief can be granted.

2. The Court lacks jurisdiction over some or all of Plaintiffs' claims.

3. Plaintiffs' claims are barred by the statute of limitations.

4. Plaintiffs' claims are barred by waiver.

5. To the extent the Court concludes Plaintiff is entitled to relief under the APA or under similar standards, the only appropriate remedy is for the Court to compel agency action unlawfully withheld or unreasonably delayed or to hold unlawful and set aside agency action, findings, and conclusion that violate the law or are otherwise arbitrary and capricious.

6. Money damages are not available under the APA.

7. Review under the APA, and under similar standards, is limited to "final agency action" that is not precluded from review by another statute or legally committed to the agency's discretion.

8. To the extent Plaintiff challenges actions appropriately considered informal adjudication, any such review should allow the agency significant discretion in the formulation of its procedures.

9. Defendant reserves the right to amend its answer with additional defenses of which it may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

WHEREFORE, having fully answered the Complaint, Defendant prays that Plaintiffs take nothing by way of their Complaint against it, that the same be dismissed, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

Date: September 27, 2021

RANDY S. GROSSMAN
Acting United States Attorney

By /s/ *Glen F. Dorgan*
GLEN F. DORGAN
Attorneys for Defendant