# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MADDERN, <br><br> Plaintiff, <br><br> v. <br><br> LLOYD AUSTIN, <br><br> Defendant. | Case No. 21-cv-1298-MMA (BLM) <br><br> **SCHEDULING ORDER** |

Plaintiff Ronald Maddern brings this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 *et seq.*, challenging the denial of his application for certain TriCare health benefits available under 10 U.S.C. § 1075. *See* Doc. No. 1.

When reviewing an agency decision under the APA, the reviewing court must apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985). APA review presumes the agency action to be valid. *Kern Cty. Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006). Thus, as a general rule, the court must review the agency's decision based on the administrative record that was before the agency when it made its decision. *See CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014). However, the Ninth Circuit has identified four narrow exceptions where augmentation of the administrative record is justified:

(1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA,* 499 F.3d 1108, 1117 (9th Cir. 2007) (citing *Southwest Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)).

Accordingly, no formal discovery may be undertaken unless it is necessary for effective judicial review or if the existing record "cannot be trusted." *See Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 457–58 (D.C. Cir. 1994). To the extent either party wishes to open formal discovery for the limited purpose of augmenting the administrative record within one of the exceptions noted above, they must contact the assigned magistrate judge's chambers to discuss whether such limited discovery is permissible.

With that in mind, the Court **ORDERS** as follows:

1. Defendant must lodge the Administrative Record on or before **January 4, 2022**.
2. Any dispositive motions must be filed on or before **May 8, 2022**.

**IT IS SO ORDERED**.

Dated: December 3, 2021

HON. MICHAEL M. ANELLO
United States District Judge