Jarrad L. Wood (SBN 310688)
Email: jlwood@reedsmith.com
Avraham E. Aizenman (SBN 304663)
Email: eaizenman@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

James Pistorino (SBN 226496)
Email: james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff
Ronald Maddern

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MADDERN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LLOYD AUSTIN, in his capacity as Secretary of the United States Department of Defense,<br><br>　　　　　Defendant. | No.: 3:21-cv-01298-MMA-BLM<br><br>**OPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**ADMINISTRATIVE PROCEDURE ACT CASE**<br><br>**JURY TRIAL DEMANDED**<br><br>Date:　　January 24, 2022<br>Time:　　2:30 PM<br>Place:　　3D |

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff Ronald Maddern, moves for leave to serve an amended Complaint. The proposed Amended Complaint is attached hereto as **Exhibit A**. This is the first amendment of the Complaint, there has been no undue delay, bad faith, or dilatory motive by Plaintiff, it will not cause undue prejudice to the Defendant, and it is not futile.

The Secretary's representative informs Plaintiff that he may oppose but asks for a week delay to even decide whether he will or will not while simultaneously the deadline for dispositive motions advances and discovery is resisted.

Plaintiff's motion should be granted.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 5(a)(2), amendment of the pleadings in the present circumstances may be allowed only on written consent of the opposing party or with leave of Court. Further, leave to amend should be freely given when justice so requires. Requests for leave to amend should be granted with "extreme liberality." *See, e.g., Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). Factors for a Court to consider when consider whether to grant a motion for leave to amend include: undue delay; the movant's bad faith or dilatory motive; repeated failure to cure deficiencies; undue prejudice to the opposing party; and futility. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962). Of the *Foman* factors, prejudice to the opposing party carries the most weight. *See, e.g., Eminence Capital, Inc. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

After the filing of the Complaint, on November 17, 2021, for the first time, the Secretary provided a copy of the recommended decision by Ms. Noel. In addition, Plaintiff understands that the Secretary does not deny that *ex parte* contacts occurred between Ms. Greer, Ms. Noel, as well as Dr. Kenneth Yale (*i.e.*, the final decision maker)/his office. The Complaint has been amended to include additional allegations and causes of action related to the procedural violations associated with consideration of Mr. Maddern's claim. These are contained in Paragraphs 63–66 and Causes of

Action VI–VIII.  Since the filing of the original Complaint, Plaintiff has engaged in settlement discussions which broke down in mid-November.

At a high level, and as alluded to in the original Complaint, Mr. Maddern was entitled to consideration of his claim by an impartial/neutral decision maker and a decision not tainted by improper conduct in the form of *ex parte* contacts.  As Plaintiff understands it, the Secretary does not dispute that such contacts occurred.  Improper *ex parte* contacts give rise to causes of action under both the APA and the Due Process Clause of the Fifth Amendment to the United States Constitution.  *See, e.g., Greene v. Babbit*, 943 F.Supp. 1278 (W.D. Wash. 1996).

Because the Secretary has not revealed it, Plaintiff has no idea what the alleged good faith basis could be for opposing a motion for leave to amend brought at the outset of the case.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion should be granted.

DATED:  December 9, 2021

Respectfully submitted,

REED SMITH LLP

By: s/ Avraham E. Aizenman
Jarrad L. Wood
Email: jlwood@reedsmith.com
Avraham E. Aizenman
Email: eaizenman@reedsmith.com
Attorneys for Plaintiff, Ronald Maddern

By: s/ James C. Pistorino
James C. Pistorino
Email:   james@dparrishlaw.com
Attorneys for Plaintiff, Ronald Maddern

*Attorneys for Plaintiff*

– 2 –
MOTION FOR LEAVE TO AMEND

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: December 9, 2021        By: s/ Avraham E. Aizenman
                                   Avraham E. Aizenman
                                   Email: eaizenman@reedsmith.com