Jarrad L. Wood (SBN 310688)
Email: jlwood@reedsmith.com
Avraham E. Aizenman (SBN 304663)
Email: eaizenman@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

James Pistorino (SBN 226496)
Email: james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff
Ronald Maddern

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MADDERN,<br><br>   Plaintiff,<br><br> vs.<br><br>LLOYD AUSTIN, in his capacity as Secretary of the United States Department of Defense,<br><br>   Defendant. | No.: 3:21-cv-01298-MMA-BLM<br><br>**REPLY RE: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

Plaintiff's motion for leave to file Amended Complaint should be granted. As an initial matter, the proposed Amended Complaint includes new Causes of Action VI–VIII. The Secretary's opposition only addresses the proposed amendment with respect to new Cause of Action VI. Accordingly, the Secretary has waived objection to new Causes of Action VII (failure to provide a copy of the recommended decision to Mr. Maddern) and VIII (due process violation).

## BACKGROUND

Much of the background material appearing in the Secretary's opposition does not merit response. That said, the Secretary's claim that either the recommended decision or the final decision were based on "the agency's specific exclusion of the procedure" is not correct. Opp. at 3.

Instead, the TRICARE POLICY MANUAL (TPM) that existed at the time of the procedures in question stated:

> Services and supplies required in the diagnosis and treatment of illness or injury involving the musculoskeletal system are covered. U.S. Food and Drug Administration (FDA) approved surgically implanted devices are also covered.[1]

*See* TRICARE POLICY MANUAL, Chap. 4, Section 6.1, para. 4.1 (November 2, 2017). Another paragraph had an exclusion for a product called the "X-STOP" but not the Superion product Mr. Maddern was treated with or interspinal spacer devices (ISDs) generally. *Id*. at para. 5.9.

Indeed, both decisions admit that there is no exclusion for the Superion product. *See, e.g.*, Recommended Decision at 8 ("Beneficiary is correct that the TPM did not specifically address the status of the Vertiflex Superion or the CPT code 22869."). Instead, the decisions contended that X-STOP was a "prior version" of the Superion

---

[1] As noted, the Superion product Mr. Maddern was treated with is an FDA approved surgically implanted device.

product[2] (*Id.* at 8) and further contended that the lack of an exclusion represented an administrative "defect" and a "loophole." (*Id.*). Relying on these premises, the decisions did not address the evidence offered by Mr. Maddern (in the form of multiple scientific studies, the testimony of Dr. Verdolin, and the FDA and Medicare approvals).

Proposed Cause of Action VI is based on 5 U.S.C. § 554(d)(1)–(2). That provision precludes the decision makers from consulting with persons or parties on issues of fact without notice and opportunity for all parties to participate (para. 1) and also precludes:

> An employee or agent engaged in the performance of investigative or prosecuting functions for an agency in a case may not, in that or a factually related case, participate or advise in the decision, recommended decision, or agency review pursuant to section 557 of this title, except as witness or counsel in public proceedings.

(para. 2). Thus, under the statute, such an employee may not "participate or advise" in the decision or recommended decision.

The Secretary's opposition includes newly revealed communications between ALJ Noel and Ms. Greer. In particular, attached as Exhibit 10 to the Secretary's opposition is newly revealed email correspondence. As partially reflected there, on May 11, 2021, counsel for Mr. Maddern sent two emails. One email went to both Ms. Greer and ALJ Noel and, *inter alia*, requested to know when the recommended decision issued and sought a copy of the same. *See* Exhibit 10. The other went only to Ms. Greer and indicated Mr. Maddern's intention to file suit for a writ of mandamus if a decision did not issue within 10 days and belief that there had been *ex parte* contacts. *See* Dkt. #12-2 at 266.

---

[2] There is no evidence of this contention and the devices are made by two different manufacturers, have different designs, and are inserted in the spine in different ways.

– 2 –
REPLY RE: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Case 3:21-cv-01298-MMA-BLM   Document 16   Filed 01/14/22   PageID.721   Page 4 of 7

1  In response, ALJ Noel sent an email only to Ms. Greer asking for an update and
2  Ms. Greer sent an email only to ALJ Noel.  In this *ex parte* contact, Ms. Greer tells
3  ALJ Noel "we are expediting the process for the Director's signature, and hope this
4  shall finally end this week, prior to Mr. Pistorino's deadline."  Further, in an *ex parte*
5  contact with ALJ Noel, Ms. Greer appears to contend that she has not engaged in *ex*
6  *parte* contacts ("has accused me of ex parte communication").  Ms. Greer then goes
7  on to reference "threat of further legal proceedings" and finally closes with "feel free
8  to reach out if there is anything else relating to this case I can run down."  As reflected
9  in Exhibit 10, ALJ Noel than says: "Thank you for your response.  I will answer Mr.
10 Pistorino's email shortly."  As reflected in Dkt. #12-2 at 248, ALJ Noel then sent an
11 email only to Plaintiff's counsel, did not reveal the communication with Ms. Greer,
12 and also continued to withhold the information of when the recommended decision
13 issued or a copy of it.  Thus, ALJ Noel and Ms. Greer coordinated their response to
14 Plaintiff in a way to conceal the communications.
15 The email itself is also notable because, absent some other undisclosed
16 communication, ALJ Noel would not know what "deadline" or "threat of further legal
17 proceedings" Ms. Greer was referring to.  Further, the statement of "we are expediting
18 the process for the Director's signature" and the continued concealment of the
19 information of the recommended decision indicates more than just "status" requests.
20 Further, Plaintiff understands from the Secretary's counsel that there were at
21 least oral communications between Ms. Greer and Dr. Yale/his office but that the
22 Secretary considers communications between Ms. Greer and Dr. Yale/his office
23 "internal."

**DISCUSSION**

25 As noted above, the Secretary has waived objection to new Causes of Action
26 VII and VIII.  Of course, pursuant to FED.R.CIV.P. 15(a)(2), amendments of the
27 pleadings should be freely given and requests for leave to amend should be granted
28 with "extreme liberality."  *See, e.g., Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –
REPLY RE: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Cir. 2009). In the present case, the Secretary alleges that the proposed amendment to include Cause of Action VI would be "futile" because, the Secretary contends, "the record in this case is devoid of any evidence of improper *ex parte* communications involving either ALJ Noel, Attorney Greer, or the office of the final decision maker." Opp. at 9.

At this stage, the issue is not whether Plaintiff can survive a motion for summary judgment. Rather, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *See, e.g., Wood v. City of San Diego*, 2010 WL 2382335 at *2-3 (June 10, 2010, S.D. Cal.) (Anello, J.) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). With regard to Cause of Action VI, no conclusion of futility could be made. Clearly, there is a set of facts that Plaintiff could prove that would constitute a valid claim. Indeed, Plaintiff has alleged such facts in proposed paragraphs 63-66. While Plaintiff believes the facts known to him at the time of his proposed amendment constituted improper contacts (and so alleged in proposed paragraph 63), in accordance with FED.R.CIV.P. 11(b)(3), paragraphs 64-66, also allege that such facts are likely to have evidentiary support after a reasonable opportunity for discovery. Such an approach is especially appropriate where, as here, the facts are completely in the possession of the Secretary and are concealed by him.

Rather than "futility," the Secretary argues that he has produced *some* of the *ex parte* materials, and based on this partial production, he would win a motion for summary judgment. That is simply not the inquiry at this stage. Indeed, were that the case, then presumably the decision in *Greene v. Babbitt*, 943 F.Supp. 1278 (W.D. Wash. 1996) would not exist because the improper communications would never have been discovered.

Previously, Plaintiff could largely only deduce that there were *ex parte* contacts. While the Secretary continues to conceal the contacts between Ms. Greer and Dr. Yale/his office and what Ms. Greer's role was in the Yale' decision, the Secretary now

admits that there were *ex parte* contacts between ALJ Noel and Ms. Greer.  However, the Secretary contends that the *ex parte* contacts were not improper.  Respectfully, that is a merits determination that is not proper at the pleading stage.  Whether Ms. Greer's "participation" in either the decision of Dr. Yale or ALJ Noel was improper will be able to be determined once all the *ex parte* contacts are known and discovery is complete.  To date, as the process moves along, more and more *ex parte* contacts are being revealed.  Here are three simple questions for the Court to consider: 1) why did ALJ Noel and Ms. Greer not share their communications with Plaintiff's counsel; 2) why did they conceal the fact of them from Plaintiff's counsel; and 3) why did they repeatedly fail to disclose when the recommended decision issued?

To be clear, independent of the *ex parte* contacts, Plaintiff contends that the underlying decisions are "obviously wrong"/"groundless" and in bad faith.  Further, as alleged, the timing and concealment appear to be motivated by concerns other than the impartial consideration of Mr. Maddern's claims.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion should be granted.

DATED:  January 14, 2022

Respectfully submitted,

REED SMITH LLP

By: s/ Avraham E. Aizenman
Avraham E. Aizenman
Attorneys for Plaintiff, Ronald Maddern
Email:   eaizenman@reedsmith.com

By: s/ James C. Pistorino
James C. Pistorino
Attorneys for Plaintiff, Ronald Maddern
Email:   james@dparrishlaw.com

*Attorneys for Plaintiff*

– 5 –
REPLY RE: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

## **ATTESTATION**

I, Avraham E. Aizenman, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: January 14, 2022          REED SMITH LLP

By: ___s/ Avraham E. Aizenman___
Avraham E. Aizenman
Attorneys for Plaintiff, Ronald Maddern