Jarrad L. Wood (SBN 310688)
Email: jlwood@reedsmith.com
Avraham E. Aizenman (SBN 304663)
Email: eaizenman@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

James Pistorino (SBN 226496)
Email: james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043

Attorneys for Plaintiff
Ronald Maddern

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MADDERN,<br><br>          Plaintiff,<br><br>     vs.<br><br>LLOYD AUSTIN, in his capacity as Secretary of the United States Department of Defense,<br><br>          Defendant. | No.: 3:21-cv-01298-MMA-BLM<br><br>**REPLY RE: MOTION FOR DISCOVERY** |

Plaintiff's motion for discovery related to the *ex parte* contacts should be granted.

Prior to addressing any of the legal issues, a review may assist the Court. Before Plaintiff filed suit, Plaintiff *knew* that ALJ Noel engaged in *ex parte* contacts (because ALJ Noel attempted to do so with Plaintiff's counsel), *deduced* that Ms. Greer must have engaged in *ex parte* contacts with at least Dr. Yale, and *strongly suspected* that there were more *ex parte* contacts. In addition, Plaintiff had never seen a copy of the ALJ's recommended decision that led to the final decision issued by Dr. Yale. Further, Plaintiff's numerous requests to know when the recommended decision issued (and for copies of the same) were ignored/not responded to. Simultaneously, on June 23, 2020, Ms. Greer sent an email and represented to Plaintiff that a recommended decision issued within the 60 days of the September 16, 2019, closing of the record as required by the regulations. ALJ Noel was copied on this email and did not correct the misrepresentation.

*After* Plaintiff filed suit but *before* filing the instant motion, the Secretary produced a copy of the recommended decision dated January 31, 2020, which put to the lie Ms. Greer's representation. In addition, the Secretary's counsel (Mr. Dorgan) admitted that there were oral communications between at least Ms. Greer and Dr. Yale/his office and that there might have been oral communications between Ms. Greer and ALJ Noel about this case.

*After* the present motion for discovery of *ex parte* contacts was filed, the Secretary's opposition disclosed additional *ex parte* email contacts, while concealing others. With regard to concealment, that comes in two forms: 1) oral communications between Ms. Greer and ALJ Noel; and 2) *any* communications between Ms. Greer and Yale/his office. Noticing the very careful wording of paragraph 12 of the Dorgan' declaration and the lack of information regarding contacts with Dr. Yale, Plaintiff's counsel spoke with Mr. Dorgan on January 13, 2022. With respect to the alleged "diligent search and reasonable inquiry", Mr. Dorgan refused to disclose whether he

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

searched for phone records of oral *ex parte* contacts between Ms. Greer and ALJ Noel on the grounds that he "was uncomfortable disclosing the details of his investigation." With regard to *ex parte* contacts between Ms. Greer and Dr Yale (*i.e.*, the ultimate decision maker), Mr. Dorgan refused to disclose those (whether by email or oral) on the grounds that those were "internal."[1]

The Secretary's opposition includes newly revealed communications between ALJ Noel and Ms. Greer. In particular, attached as Exhibit 10 to the Secretary's opposition is newly revealed email correspondence. As partially reflected there, on May 11, 2021, counsel for Mr. Maddern sent two emails. One email went to both Ms. Greer and ALJ Noel and, *inter alia*, requested to know when the recommended decision issued and sought a copy of the same. *See* Exhibit 10. The other went only to Ms. Greer and indicated Mr. Maddern's intention to file suit for a writ of mandamus if a decision did not issue within 10 days and belief that there had been *ex parte* contacts. *See* Dkt. #12-2 at 266.

In response, ALJ Noel sent an email only to Ms. Greer asking for an update and Ms. Greer sent an email only to ALJ Noel. In this *ex parte* contact, Ms. Greer tells ALJ Noel "we are expediting the process for the Director's signature, and hope this shall finally end this week, prior to Mr. Pistorino's deadline." Further, in an *ex parte* contact with ALJ Noel, Ms. Greer appears to contend that she has not engaged in *ex parte* contacts ("has accused me of ex parte communication"). Ms. Greer then goes on to reference "threat of further legal proceedings" and finally closes with "feel free to reach out if there is anything else relating to this case I can run down." As reflected in Exhibit 10, ALJ Noel than says: "Thank you for your response. I will answer Mr. Pistorino's email shortly." As reflected in Dkt. #12-2 at 248, ALJ Noel then sent an email only to Plaintiff's counsel, did not reveal the communication with Ms. Greer, and also continued to withhold the information of when the recommended decision

---

[1] The quotes herein are based on counsel's best recollection of Mr. Dorgan's statements.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

issued or a copy of it. Thus, ALJ Noel and Ms. Greer coordinated their response to Plaintiff in a way to conceal the communications.

The email itself is also notable because, absent some other undisclosed communication, ALJ Noel would not know what "deadline" or "threat of further legal proceedings" Ms. Greer was referring to. Further, the statement that "we are expediting the process for the Director's signature" and the continued concealment of the information of the recommended decision indicates more than just "status" requests.[2]

Further, Plaintiff understands from the Secretary's counsel that there were at least oral communications between Ms. Greer and Dr. Yale/his office but that the Secretary considers communications between Ms. Greer and Dr. Yale/his office "internal."

Thus, at each step, additional *ex parte* contacts are revealed.

## BACKGROUND

Much of the background material appearing in the Secretary's opposition does not merit response. That said, the Secretary's claim that either the recommended decision or the final decision were based on "the agency's specific exclusion of the procedure" is not correct. Opp. at 3.

Instead, the TRICARE POLICY MANUAL (TPM) that existed at the time of the procedures in question stated:

> Services and supplies required in the diagnosis and treatment of illness or injury involving the musculoskeletal system are covered. U.S. Food and Drug Administration (FDA) approved surgically implanted devices are also covered.[3]

---

[2] Here are three simple questions for the Court to consider: 1) why did ALJ Noel and Ms. Greer not share their communications with Plaintiff's counsel; 2) why did they conceal the fact of them from Plaintiff's counsel; and 3) why did they repeatedly fail to disclose when the recommended decision issued?

[3] As noted, the Superion product Mr. Maddern was treated with is an FDA approved surgically implanted device.

– 3 –
REPLY RE: MOTION FOR DISCOVERY

*See* TRICARE POLICY MANUAL, Chap. 4, Section 6.1, para. 4.1 (November 2, 2017). Another paragraph had an exclusion for a product called the "X-STOP" but not the Superion product Mr. Maddern was treated with or interspinal spacer devices (ISDs) generally. *Id.* at para. 5.9.

Indeed, both decisions admit that there is no exclusion for the Superion product. *See, e.g.*, Recommended Decision at 8 ("Beneficiary is correct that the TPM did not specifically address the status of the Vertiflex Superion or the CPT code 22869."). Instead, the decisions contended that X-STOP was a "prior version" of the Superion product[4] (*Id.* at 8) and further contended that the lack of an exclusion represented an administrative "defect" and a "loophole." (Id.). Relying on these premises, the decisions did not address the evidence offered by Mr. Maddern (in the form of multiple scientific studies, the testimony of Dr. Verdolin, and the FDA and Medicare approvals).

## DISCUSSION

As an initial matter, the Secretary has attempted to resist a motion for discovery by producing some of the requested discovery while continuing to withhold other materials. Indeed, the Secretary offers the novel theory that communications between Ms. Greer and Dr. Yale are "internal" and not *ex parte* and are, therefore, fine. As noted, in *Greene v. Babbitt*, 943 F.Supp. 1278 (W.D. Wash. 1996), that is simply an unsupportable theory.

In addition, the Dorgan' declaration (particularly paragraph 12) attempts to offer information about Dorgan's records search that would be disclosed in a custodian of records deposition. While not impuning Mr. Dorgan, Plaintiff would want to know how the search was conducted to know whether it was reliable or simply based on what materials Ms. Greer provided. That said, of course, no information has been offered on the Greer/Yale' contacts.

---

[4] There is no evidence of this contention and the devices are made by two different manufacturers, have different designs, and are inserted in the spine in different ways.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

At base, pursuant to FED.R.CIV.P. 26(b)(1), Plaintiff seeks information relevant to his claims. Currently pending before the Court is Plaintiff's motion for leave to file an amended Complaint. *See* Dkt. #12. While the Secretary has opposed that motion, he had done so only with respect to new Cause of Action VI and has not objected to, *e.g.*, new Cause of Action VIII (due process violation based on lack of neutral decision maker). Thus, for ease of analysis, Plaintiff refers to the proposed amended Complaint.

With respect to proposed Cause of Action VI, that is based on 5 U.S.C. § 554(d)(1)/(2). That provision precludes the decision makers from consulting with persons or parties on issues of fact without notice and opportunity for all parties to participate (para. 1) and also precludes:

> An employee or agent engaged in the performance of investigative or prosecuting functions for an agency in a case may not, in that or a factually related case, participate or advise in the decision, recommended decision, or agency review pursuant to section 557 of this title, except as witness or counsel in public proceedings.

(para. 2). Thus, under the statute, such an employee may not "participate or advise" in the decision or recommended decision.

Clearly, the requested discovery is relevant, at least, to Causes of Action I (unreasonably delayed), IV (without observance of procedure required by law ), VI (ex parte contacts barred by § 554(d)(1)/(2)), and VIII (due process violation based on lack of neutral decision maker). In addition, the requested discovery may be relevant to Causes of Action II and III to explain the basis for an administrative "defect"/"loophole" and the basis for denying Mr. Maddern's claim and failure to consider any of the evidence offered by Mr. Maddern.

Obviously, communications between Greer, Noel, and Yale would be relevant to each of these just as in the *Greene* case.

– 5 –
REPLY RE: MOTION FOR DISCOVERY

At base, the Secretary does not deny that there were *ex parte* communications (while refusing to disclose the full extent of them). Instead, the Secretary contends that, based on his partial disclosure, he believes that he would prevail on a motion for summary judgment whether they were improper. While Plaintiff disputes that, at this stage, that is not the issue.[5] Instead, the issue is whether the sought after discovery is relevant and it clearly is.

With regard to "bad faith", Plaintiff contends that the underlying decisions are "obviously wrong"/"groundless". Further, as alleged, the timing and concealment appear to be motivated by concerns other than the impartial consideration of Mr. Maddern's claims. Of course, the 19-month delay in issuing a final decision is also indicative of bad faith.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for discovery should be granted.

DATED: January 14, 2022

Respectfully submitted,

REED SMITH LLP

By: s/ Avraham E. Aizenman
Avraham E. Aizenman
Attorneys for Plaintiff, Ronald Maddern
Email: eaizenman@reedsmith.com

By: s/ James C. Pistorino
James C. Pistorino
Attorneys for Plaintiff, Ronald Maddern
Email: james@dparrishlaw.com

*Attorneys for Plaintiff*

---

[5] For example, consider whether Ms. Greer was "participating or advising in the decision" of Dr. Yale when she wrote "we are expediting the process for the Director's signature"). That appears to be more than a simple status request. Further, of course, that is based only on the partial disclosure provided to date.

## **ATTESTATION**

I, Avraham E. Aizenman, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  January 14, 2022          REED SMITH LLP

By: ___s/ Avraham E. Aizenman___
Avraham E. Aizenman
Attorneys for Plaintiff, Ronald Maddern

REED SMITH LLP
A limited liability partnership formed in the State of Delaware