# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MADDERN,<br><br>                              Plaintiff,<br><br>v.<br><br>LLOYD AUSTIN,<br><br>                              Defendant. | Case No. 21-cv-1298-MMA (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>[Doc. No. 8] |

Plaintiff Ronald Maddern ("Plaintiff") brings this action against Defendant Lloyd Austin, in his official capacity as Secretary of the United States Department of Defense ("Defendant"), pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 *et seq.* *See* Doc. No. 1 ("Compl."). Plaintiff challenges the denial of his application for certain TriCare health benefits available under 10 U.S.C. § 1075. *See id.* Plaintiff seeks leave to file a First Amended Complaint for the purpose of adding three new claims and additional factual allegations to support those claims. *See* Doc. No. 8. Defendant filed an opposition to the motion, to which Plaintiff replied. *See* Doc. Nos. 15, 16. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc.

No. 18.  For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint.

## I. Background[1]

Plaintiff is a retired Staff Sergeant with the United States Army who, because of his service, qualifies for "health care benefits provided to retired uniformed service members under the 'TRICARE' program" pursuant to 10 U.S.C. § 1075.  Compl. ¶¶ 7–8.[2]  Plaintiff challenges the denial of his application for certain TriCare health benefits following the insertion of two Vertiflex Superion ("Superion") interspinous spacers, which were "inserted [in]to [Plaintiff's] spine to relieve pressure on some of the vertebrae." *Id.* ¶¶ 28, 36, 38.  The first Superion spacer was "inserted into [Plaintiff's] spine" during an outpatient procedure on August 10, 2017.  *Id.* ¶ 36.  The second Superion spacer was inserted during an outpatient procedure on November 9, 2017.  *Id.* ¶ 38.

Plaintiff's "claims for TriCare coverage for these procedures were denied through multiple appeals." *Id.* ¶ 39.  "As the penultimate step, these appeals included a hearing held on August 22, 2019 before Administrative Law Judge [("ALJ")] Nichole Noel." *Id.* ¶ 40.  "Pursuant to 32 C.F.R. § 199.10(d)(12), after the record is closed, within 60 days, the ALJ was required to issue a recommendation regarding coverage. . ." *Id.* ¶ 43.  On September 13, 2019, Plaintiff "submitted a post-hearing Closing Statement, thereby closing the record." *Id.* ¶ 42.  "When nothing had been received by June 2020, [Plaintiff's] counsel again inquired (ccing TriCare/the department's counsel) and requested a copy of any recommendation." *Id.* ¶ 46.  "Counsel for TriCare/the department responded that an inquiry was made as to where the final decision was." *Id.* ¶ 47.  "No explanation was given for how TriCare/the department's representative had

---

[1] Based on the parties' and the Court's familiarity with Plaintiff's factual allegations, the Court does not set forth a detailed recitation of those allegations herein except as relevant to the proposed amendment of Plaintiff's Complaint and disposition of the instant motion.

[2] Except where otherwise indicated, the following information is taken from the operative Complaint.

information about the case that [Plaintiff's] counsel lacked." *Id.* ¶ 48. "In response to further questioning, the ALJ responded that a recommendation issued earlier in the year but that the ALJ believed the authority to provide a copy of the recommendation was with another entity." *Id.* ¶ 49.

"Pursuant to 32 C.F.R. § 199.10(e)(1), the Secretary is expected to act within 90 days of receiving a recommended decision from the ALJ." *Id.* ¶ 51. "When no decision had been received by May 2021, [Plaintiff's] counsel again inquired" and "wrote the ALJ (ccing TriCare/the department's counsel) and again requested information on when a recommendation issued . . ." *Id.* ¶¶ 52–53. "The ALJ responded without copying TriCare/the department's counsel and indicated that a recommendation had issued in February 2020 [and] that no copy had been provided to TriCare/the department's counsel . . ." *Id.* ¶ 54. Plaintiff "forwarded the ALJ's *ex parte* communication to TriCare/the department's counsel." *Id.* ¶ 55. "Separately, [Plaintiff's] counsel wrote TriCare/department's counsel and indicated [Plaintiff's] intention to seek a *writ of mandamus* unless a decision on his claims was received within 10 days" and also "indicated [Plaintiff's] intention to seek all communications with the ALJ in order to determine how TriCare/department's counsel had information about a recommendation/decision that [Plaintiff] lacked." *Id.* ¶ 56.

On May 19, 2021, "TriCare/the department's counsel sent a copy of decision not previously provided to [Plaintiff] dating the same day denying [Plaintiff's] claim." *Id.* ¶ 57. "The decision addressed only [ ] [Plaintiff's] claim for the August 10, 2017, treatment and did not address [Plaintiff's] claim for November 9, 2017 treatment." *Id.* ¶ 58. The decision also "confused the X-STOP product (manufactured by another company) with the Superion product at issue" and "contended that the Super[i]on product[] was 'unproven.'" *Id.* ¶¶ 59–60.

On July 19, 2021, Plaintiff initiated this action asserting five claims for violations of the APA. *See* Compl. Plaintiff now seeks to leave to amend to add three new claims to his Complaint. Doc. No. 8. In his motion, Plaintiff states that after the Complaint was

filed in the instant case, "for the first time, the Secretary provided a copy of the recommended decision by [ALJ] Noel" on November 17, 2021. *Id.* at 2.[3]  Additionally, Plaintiff contends that "the Secretary does not deny that *ex parte* contacts occurred between" Judge Noel, Attorney Leslie Greer ("TriCare/the department's counsel"), and "Dr. Kenneth Yale (*i.e.,* the final decision maker)/his office." *Id.*

## II. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Rule of Civil Procedure 15(a)(2) provides the relevant legal standard: a party may amend its pleading with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  The most important factor is whether amendment will cause prejudice to the opposing party.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  There is a presumption in favor of granting leave to amend absent prejudice, or where there is a strong showing of the other factors.  *Id.*  Leave to amend is to be granted with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

## III. DISCUSSION

Plaintiff seeks leave to amend the Complaint to add three new claims: (1) proposed Claim 6 for violation of 5 U.S.C. § 554(d)(1)/(2); (2) proposed Claim 7 for violation of 5 U.S.C. § 557(c); and (3) proposed Claim 8 for violation of the Due Process Clause of the U.S. Constitution.  Doc. No. 8-1 at 11–12.  In support of these new claims, Plaintiff also seeks to include the following additional factual allegations:

---

[3] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

63. On information and belief, Tricare/the department's counsel (Ms. Leslie Greer) engaged in improper, *ex parte* communications with the ALJ (Ms. Nicole Noel) and/or the decision maker (i.e., Dr. Kenneth Yale)/his office.

64. On information and belief, and/or after reasonable opportunity for further investigation or discovery, Ms. Greer consulted with Ms. Noel and/or the decision maker (i.e., Dr. Kenneth Yale)/his office on a fact in issue on an *ex parte* basis.

65. On information and belief, and/or after reasonable opportunity for further investigation or discovery, Ms. Greer communicated with Ms. Noel and/or the decision maker (i.e., Dr. Kenneth Yale)/his office relevant to the merits of the proceeding on an *ex parte* basis.

66. On information and belief, and/or after reasonable opportunity for further investigation or discovery, Ms. Greer participated or advised in the decision and/or recommended decision with Ms. Noel and/or the decision maker (i.e., Dr. Kenneth Yale)/his office.

*Id.* at 8.  The Court assesses each proposed new claim in turn.

## A.     Claim 6

5 U.S.C. § 554(d) provides that the employee of the agency who presides at the reception of evidence—here, the ALJ—may not partake in *ex parte* communications on a fact in issue or otherwise be responsible to or subject to the supervision or direction of any employee or agent engaged in the investigative or prosecuting functions.  5 U.S.C. § 554(d)(1)–(2).  In other words, this subsection grants claimants the right to an impartial review.

Defendant argues that the Court should deny leave to amend Claim 6 "on the basis that the claim is futile."  Doc. No. 15 at 2.  A proposed amendment is futile where it would be subject to dismissal if allowed.  *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir. 1998).  "Thus, the test of futility is identical to the test applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted."  *Estate of Zahau v. Shacknai*, No. 13-cv-1624-W(NLS), 2014 U.S. Dist.

LEXIS 33646, at *5 (S.D. Cal. Mar. 13, 2014) (citing *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978)).

In support of his futility argument, Defendant provides—as Exhibits attached to his opposition to the motion—a variety of emails between Judge Noel, Attorney Greer, and Plaintiff's prior counsel, along with a declaration from Defendant's counsel that "[a]fter diligent search and reasonable inquiry, Defendant is unable to locate any additional *ex parte* communications involving AJ Noel other than those identified herein or in Plaintiff's documents submitted in support of his motion." Doc. No. 15-1 at 2–44. Defendant argues that "[t]he APA recognizes a difference between *ex parte* communications that concern the merits of the proceeding and *ex parte* communications that are merely procedural or akin to a 'status report'" and that "Plaintiff has not—and cannot—identify any *ex parte* communications that fall within the scope of this prohibition. Plaintiff's proposed claim, therefore, is futile." Doc. No. 15 at 2.

However, a motion for leave to amend under Rule 15(a) is not the proper vehicle to assess the propriety, under the APA, of any alleged *ex parte* communication. Moreover, motions for leave to amend are decided under the same standard as motions under Rule 12(b)(6), *Estate of Zahau*, 2014 U.S. Dist. LEXIS 33646, at *5, and so should typically be decided without resort to outside evidence like the exhibits submitted in support of Defendant's opposition, *see Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint . . . The focus of any Rule 12(b)(6) dismissal—both in the trial court and on appeal—is the complaint.")).

In the proposed amended complaint, Plaintiff alleges that "[o]n information and belief," improper, *ex parte* communications occurred between Judge Noel, Attorney Greer, and Dr. Yale. Doc. No. 8-1 at 8. "The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant . . ." *Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). Here, any evidence of purported *ex parte*

communications is, or originally was, "peculiarly within the possession and control" of Defendant.  Accordingly, although Defendant may attack the merits of this claim later on, the Court cannot say—at this early stage of litigation—that amendment would be futile. *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 654 (W.D. Wash. 2015) ("A party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal.") (citation omitted).  Thus, the futility factor does not weigh against amendment.

As to the remaining Rule 15 factors, all weigh in favor of granting leave to amend. Defendant points to no undue delay or bad faith that weighs against granting the motion for leave to amend, and the Court finds none.  *See Johnson*, 356 F.3d at 1077.  The Complaint was first filed on July 19, 2021, Doc. No. 1, and Plaintiff filed the instant motion on December 9, 2021, explaining that his proposed amendments come on the heels of "the Secretary provid[ing] a copy of the recommended decision by [Judge] Noel" for the first time on November 17, 2021.  Doc. No. 8 at 2.  This suggests neither undue delay nor bad faith, especially given that Defendant alleged *ex parte* communication in his first Complaint.  *See* Compl. ¶¶ 48, 56, 74.  Additionally, Defendant bears the burden of showing prejudice and has advanced no arguments regarding prejudice.  *See DCD Programs, Ltd.*, 833 F.2d at 187 ("The party opposing amendment bears the burden of showing prejudice.").  Finally, Plaintiff has not previously amended the Complaint.

Accordingly, the Court **GRANTS** Plaintiff's motion for leave to amend with respect to Claim 6.

**B.    Claims 7 and 8**

Defendant does not oppose the addition of Claims 7 and 8 in his opposition to the instant motion.  For the same reasons described *supra* Section III.A, the Court concludes that all five Rule 15 factors—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint— weigh in favor of allowing amendment to add Claims 7 and 8.  *See Johnson*, 356 F.3d at

1077.  Accordingly, the Court **GRANTS** Plaintiff's motion for leave to amend with respect to these claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint.  The Court **DIRECTS** the Clerk of Court to file Plaintiff's Amended Complaint, Doc. No. 8-1, as a separate docket entry as of the date of this Order.

**IT IS SO ORDERED**.

Dated:  January 24, 2022

HON. MICHAEL M. ANELLO
United States District Judge