UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MADDERN,<br><br>                        Plaintiff,<br><br>v.<br><br>LLOYD AUSTIN in his capacity as Secretary of the United States Department of Defense,<br><br>                        Defendants. | Case No.: 21cv1298-MMA (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY**<br><br>**[ECF NO. 9]** |

Currently before the Court is Plaintiff's December 29, 2021 Motion for Discovery [ECF No. 9 ("Mot.")], Defendant's January 10, 2022 opposition to the motion [ECF No. 14 ("Oppo")], and Plaintiff's January 14, 2022 reply [ECF No. 17-1 ("Reply")]. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## PROCEDURAL BACKGROUND

The above-entitled case was initiated on July 19, 2021, when Plaintiff filed a complaint pursuant to the Administrative Procedures Act. ECF No. 1.

On December 3, 2021, Judge Anello issued a Scheduling Order requiring Defendant to lodge the Administrative Record ("AR") by January 4, 2022, and ordering that dispositive motions be filed by May 8, 2022. ECF No. 6. Judge Anello noted that apart from four narrow exceptions,

the Administrative Procedures Act ("APA") requires the Court to evaluate an agency decision only on the administrative record that was before the agency when it made its decision. Id. at 1. Accordingly, Judge Anello ordered that "[t]o the extent either party wishes to open formal discovery for the limited purpose of augmenting the administrative record within one of the exceptions noted above, they must contact the assigned magistrate judge's chambers to discuss whether such limited discovery is permissible." Id. at 2.

On December 8, 2021, Plaintiff's counsel, Mr. A. Eli Aizenman, contacted Judge Major's Chambers regarding the opening of discovery. ECF No. 7. On December 9, 2021, Plaintiff filed a Motion for Leave to Amend Complaint.[1] ECF No. 8. That same day, the Court issued an Order Requiring Meet and Confer and Setting Briefing Schedule. ECF No. 7. The Court ordered counsel to meet and confer regarding both the scope of the desired discovery and the legal basis for the discovery by December 17, 2021. Id. at 2. The Court further ordered that if the attorneys were unable to resolve the dispute, Plaintiff had to file a motion requesting discovery 1) identifying the specific discovery that will be conducted, 2) providing legal authority for the desired discovery in this APA litigation, including which exceptions justify augmentation of the record, and 3) explaining the relevance of the desired discovery to the issues in this case. Id.

On December 29, 2021, Plaintiff filed a Motion for Discovery. ECF No. 9. Defendant opposed the motion on January 10, 2022. ECF No. 14.

On January 14, 2022, Plaintiff filed a Motion for Leave to File Reply. ECF No. 17. Defendant opposed the motion on January 18, 2022. ECF No. 19. On January 27, 2022, the Court granted Plaintiff's motion and accepted the reply. ECF No. 22.

**FACTUAL BACKGROUND**

Plaintiff, a seventy-three year old retired Army Staff Sergeant, developed a severe case of lumbar spinal stenosis. Mot. at 5; see also Oppo. at 4. After being wheelchair bound for fourteen years, and numerous unsuccessful treatments, Plaintiff underwent a medical procedure

---

[1] Defendant Opposed Plaintiff's Motion to for Leave to Amend Complaint on January 10, 2022. ECF No. 15. On January 24, 2022, Judge Anello granted the motion. ECF No. 20.

in August 2017 to insert a Superion device between two of his vertebrae. Id.; see also Oppo. at 4. Plaintiff repeated the procedure in November 2017 with two more vertebrae. Id.; see also Oppo. at 4. Soon after the procedures, Plaintiff was able to walk without his wheelchair and significantly reduce his pain. Id.

Medicare paid eighty percent of Plaintiff's claims for coverage. Id. at 6. TriCare rejected Plaintiff's claims for the remaining twenty percent. Id. Plaintiff appealed the decision, and it was assigned to Administrative Law Judge ("ALJ") Nicole Noel. Id. ALJ Noel held a hearing on August 22, 2019. Plaintiff, his wife, and Dr. Michael Verdolin testified at the hearing. Id. Defense counsel, Ms. Greer, did not present any exhibits or witnesses. Id. Both parties submitted post-hearing briefs. Id. On September 16, 2019, ALJ Noel stated that the record was closed. Id. at 7; see also ECF No. 12, Declaration of James Pistorino in Support of Motion for Discovery ("Pistorino Decl.") at Exh. C at 182. ALJ Noel's recommended decision was due within 60 days of the closing of the record or by November 15, 2019. Id. at 7.

In January 2020, Plaintiff's counsel wrote ALJ Noel, copying Ms. Greer, and asked about the status of the recommended decision. Id.; see also Pistorino Decl. at Exh. C at 182. ALJ Noel responded to all that she intended to issue her decision by the end of January. Id. In June 2020, Plaintiff still had not received the decision, so Plaintiff's counsel again wrote to ALJ Noel, copying Ms. Greer. Id. ALJ Noel responded by asking Ms. Greer for an update. Id.; see also Pistorino Decl. at Exh. C at 184. Plaintiff's counsel responded asking if a decision had been issued and requesting a copy if it had. Id. Ms. Greer responded stating that the Secretary had not issued a final decision. Id.; see also Pistorino Decl. at Exh. C at 187. Plaintiff's counsel again inquired about the recommended decision and asked for a copy; Ms. Greer responded by stating that "Judge Noel issued her recommended decision within the 60 day window allowed by the Regulation." Id.; see also Pistorino Decl. at Exh. C at 203. The recommended decision was not provided. Id.

On May 11, 2021, Plaintiff's counsel still had not received any decisions, so he emailed Ms. Greer stating his plan to sue for a writ of mandamus and/or a final decision if nothing was received by May 21, 2021. Id. at 8; see also Pistorino Decl. at Exh. C at 209. Counsel also

emailed Ms. Greer and ALJ Noel together asking when the recommended decision issued and requesting a copy. Id. On May 19, 2021, ALJ Noel sent a message to Plaintiff's counsel stating that she issued a recommended decision in February 2020. Id.; see also Pistorino Decl. at Exh. C at 224. That same day Plaintiff's counsel sent an email to Ms. Greer restating his intention to file suit if he did not receive an opinion by May 21, 2021. Id.; see also Pistorino Decl. at Exh. C at 222. Ms. Greer responded stating that the decision was being placed in the mail that day. Id.; see also Pistorino Decl. at Exh. C at 222. Dr. Yale faxed the decision to Plaintiff's counsel on May 20, 2021. Id.; see also Pistorino Decl. at Exh. B.

In November 2021, defense counsel provided Plaintiff's counsel with a copy of ALJ Noel's decision dated January 31, 2020. Pistorino Decl. at Exh. A.

**LEGAL STANDARD**

When reviewing an agency decision under the APA, courts must review the agency's decision based on the administrative record that was before the agency when it made its decision. See Goffney v. Becerra, 995 F.3d 737, 747 (9th Cir. 2021). This principle "reflects the recognition that further judicial inquiry into 'executive motivation' represents 'a substantial intrusion' into the workings of another branch of Government and should normally be avoided." Dep't of Commerce v. New York, 139 S. Ct. 2551 at 2573–2574 (2019) (quoting Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 268, n. 18 (1977)). The administrative record consists of "all documents and materials directly or indirectly considered by agency decision-makers" at the time the decision was made. Alegre v. Jewell, 2021 WL 4932540, at *2–3 (S.D. Cal., Aug. 18, 2021) (quoting Thompson v. U.S. Dep't of Labor, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis in original)). Extra-record evidence may only be admitted when (1) the extra-record documents are needed to ascertain "whether the agency considered all relevant factors and has explained its decision," (2) the extra-record documents were relied on by the agency for decision-making, (3) the extra-record documents are needed to explain technical terms or complex subject matter," or (4) the plaintiff has made "a showing of agency bad faith." Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005) (quoting Sw. Ctr. for Biological Diversity v. U.S. Forest Serv., 100 F.3d 1443, 1450 (9th Cir. 1996)). These

exceptions are narrowly construed and applied. Id.

To obtain discovery under the fourth exception, a plaintiff must make "a significant showing -- variously described as a strong, substantial, or prima facie showing that it will find material in the agency's possession indicative of bad faith." Almaklani v. Trump, 444 F.Supp.3d 425, 431 (E.D.N.Y. 2020) (quoting Ali v. Pompeo, 2018 WL 2058152, at *5 (E.D.N.Y. May 2, 2018)); see also Dep't of Commerce, 139 S. Ct. at 2573–2574 ("[o]n a strong showing of bad faith or improper behavior, such an inquiry may be warranted and may justify extra-record discovery"). "[M]ere allegations of bad faith are inadequate to overcome the presumption of regularity accorded to agency action." Mayor and City Council of Baltimore v. Trump, 429 F.Supp.3d 128, 138 (D. Md. 2019); see also Moralez v. Perdue, 2017 WL 2264855, at *2 (E.D. Cal., May 24, 2017) ("A plaintiff seeking discovery based on allegations of bad faith or prejudgment must make allegations that are 'serious' and 'nonconclusory,' … or present 'independent evidence of improper conduct.") (quoting Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd., 2010 WL 8917910, at *2 (D.D.C. June 4, 2010)).

**DISCUSSION**

Plaintiff "seeks discovery related to *ex parte* contacts engaged in by the Secretary's counsel (Ms. Greer), the ALJ who issued the recommended decision below (Ms. Noel), and the final decision maker (Dr. Yale)/his office." Mot. at 2. Plaintiff is seeking discovery under the fourth exception, arguing that the identified people engaged in improper *ex parte* communications. Id. at 11-14; Reply at 2-4. Plaintiff also argues that "there is a reasonable basis to believe that 'bad faith'/'improper behavior'" occurred in this matter because the ALJ's and Dr. Yale's decisions were "'groundless', 'obviously wrong', and/or 'frivolous'" and because their conduct displayed "contempt . . . for the statutory/regulatory deadlines." Id. at 10-13; Reply at 5-7.

Defendant asserts that Plaintiff is not entitled to discovery because he has not presented "evidence demonstrating a 'strong showing' of bad faith or improper behavior." Oppo. at 8 (quoting Dep't of Commerce, 139 S.Ct. at 2573-74. Defendant acknowledges that there were *ex parte* communications but explains that there are two different types of *ex parte*

communications under the APA. Id. at 9. *Ex parte* communications that concern the merits of a proceeding and *ex parte* communications that are procedural or similar to a status report. Id. Defendant contends that only *ex parte* communications that "affect the way a given case is decided" are improper and prohibited and "here, Plaintiff has-not-and cannot identify any *ex parte* communications that fall within the scope of this prohibition." Id. at 4, 9. Defendant further contends that Plaintiff has failed to meet his burden to obtain discovery because "his allegation of improper *ex parte* contact is merely a theory" and Plaintiff is using the instant motion to argue the merits of his complaint, rather than to support a request for discovery. Id. at 4, 12-13. Finally, Defendant contends that Plaintiff's proposed discovery request is grossly overbroad. Id. at 13-14.

Plaintiff has not satisfied his burden to obtain discovery. Initially, the Court notes that Plaintiff repeatedly uses an improper standard when arguing for the opportunity to conduct discovery. See Mot. at 10 ("when there is a reasonable basis to believe that 'bad faith'/'improper behavior' has occurred, discovery is warranted to determine whether, in fact, that has happened."); Reply at 6 ("pursuant to Fed.R.Civ.P. 26(b)(1), Plaintiff seeks information relevant to his claims"); and Reply at 7 ("the issue is whether the sought after discovery is relevant"). As set forth above, the correct standard is whether Plaintiff has produced evidence demonstrating a "strong showing" of bad faith or improper behavior. See Dep't of Commerce, 139 S. Ct. at 2573–2574 ("[o]n a strong showing of bad faith or improper behavior, such an inquiry may be warranted and may justify extra-record discovery"). Plaintiff has not provided such evidence. Instead, he engages in speculation and supposition regarding what evidence might exist. This is insufficient. Nonetheless, the Court will address the arguments asserted by Plaintiff.

With regards to Plaintiff's first argument regarding *ex parte* communications, the APA states that an *ex parte* communication is improper if it is "relevant to the merits of the proceeding." 5 U.S.C. § 557(d)(1). An *ex parte* communication that requests a status report or addresses other procedural matters that do not affect the way a case is decided is not improper. See 5 U.S.C. § 551 (prohibition does "not include requests for status reports on any matter or

proceeding covered by this subchapter"); see also Raz Inland Navigation Co., Inc. v. I.C.C., 625 F.2d 258, 260 (9th Cir. 1980) ("Congress recognized, however, that not all communications between agency decision-makers and interested parties would contravene the purposes of the proscription of *ex parte* communications. Excluded from the proscribed communications were those contacts that do not affect the way a given case is decided.").

Even though Defendant has produced most, if not all, of the relevant *ex parte* communications[2], Plaintiff has not identified any improper *ex parte* communication. See Mot.; Reply. Rather, Plaintiff merely asserts the conclusory argument that because there were *ex parte* communications regarding the status of the case and other procedural matters, there must have been improper *ex parte* communications relevant to the merits of the proceeding.[3] This is

---

[2] Defense counsel submitted a declaration signed under penalty of perjury stating that "Defendant is unable to locate any additional *ex parte* communications involving AJ Noel other than those identified herein or in Plaintiff's documents submitted in support of his motion." ECF No. 14-1, Declaration of Glen F. Dorgan In Support of Defendant's Opposition to Plaintiff's Motion for Discovery ("Dorgan Decl.") at ¶ 12. Defense counsel also informed Plaintiff's counsel that he "confirmed with Attorney Greer that she neither had any *ex parte* phone conversations with AJ Noel, nor did she ever speak with AJ Noel via phone at any time following the hearing. All phone conversations in this case occurred prior to the hearing and included [Plaintiff's counsel] as a participant." ECF No. 19 (Defendant's Opposition to Plaintiff' Motion for Leave to File A Reply Brief) at 3, Exhibit 1.

[3] Plaintiff cites to Greene v. Babbitt, 943 F. Supp. 1278 (W.D. Wash. 1996) to support his argument that communications between Ms. Greer, ALJ Noel, and Dr. Yale are improper and justify discovery. Mot. at 10; see also Reply at 5-6. However, Greene is distinguishable from the instant matter. In Greene, the allegations of improper *ex parte* communications were more than just allegations and conclusory statements. The court noted that the challenge involved "undisputed events which occurred after the Administrative Law Judge issued his findings and recommendations . . . . but before the Assistant Secretary issued the Final Determination." Greene, 943 F. Supp. at 1282. The undisputed events included an *ex parte* meeting between the final decision maker and the agency's advocate wherein the advocate's sole purpose was to persuade the Assistant Secretary to reject the ALJ's recommendation. Id. at 1282-1283. The advocate provided written arguments and a draft order for the Assistant Secretary. Id. at 1283. The other side was not invited to the meeting and no transcript or recording of the meeting was made. Id. There were also other *ex parte* materials submitted to and reviewed by the Assistant Secretary before and after she rendered her decision. Id. Here, there is no such incriminating conduct, no evidence of improper intent, and the *ex parte* communications do not address the merits of the underlying decision.

insufficient. See Mayor and City Council of Baltimore, 429 F.Supp.3d at 138 ("mere allegations of bad faith are inadequate to overcome the presumption of regularity accorded to agency action."); see also Moralez, 2017 WL 2264855, at *2 ("A plaintiff seeking discovery based on allegations of bad faith or prejudgment must make allegations that are 'serious' and 'nonconclusory,' ... or present 'independent evidence of improper conduct.'") (quoting Air Transp. Ass'n of Am., Inc., 2010 WL 8917910, at *2). Moreover, the Court has reviewed the *ex parte* communications that have been provided to the Court and finds that they are not improper *ex parte* communications concerning the merits of the underlying decision.

Plaintiff's second argument is that Defendant engaged in bad faith conduct or improper behavior based upon the alleged delay in issuing the final decision, inadequacy of the final decision, and assertion that the decisions are "'groundless', 'obviously wrong', and/or 'frivolous.'" Mot. at 12-14; Reply at 5-7. The alleged bases for finding bad faith or improper conduct are the same arguments and claims Plaintiff asserted in his complaint and likely will assert in the dispositive motion that he files. As a result, Plaintiff is requesting that the undersigned judge make a determination of the merits of his case prior to the filing of any dispositive motion and/or to permit him to conduct discovery based upon the mere fact that he has made the allegations. Not surprisingly, Plaintiff has not provided any law to support this request. Instead, Plaintiff relies on inapplicable law regarding the awarding of attorney's fee and general civil litigation. See Mot. at 12-13; Reply at 6. Plaintiff's arguments do not justify discovery in this APA litigation. In addition, Plaintiff's pleadings reveal that all of the evidence he needs to make his arguments is contained in the Administrative Record. See Bark v. Northrop, 2 F.Supp.3d 1147, 1152 (D. Or. 2014) ("Ninth Circuit precedent supports a district court's decision to disallow discovery and prohibit review beyond the administrative record, especially when the administrative record contains adequate information to respond to plaintiffs' claims").

Finally, even if Plaintiff had made the required significant showing of bad faith, the discovery Plaintiff seeks is extremely overbroad and unwarranted. Plaintiff seeks written discovery, including production of emails "between Ms. Greer, ALJ Noel, and Dr. Yale/his office" and "depositions of Ms. Greer, ALJ Noel, and Dr. Yale/his office and anyone else Ms. Greer/ALJ

Noel had communications with about this matter." Mot. at 15. Plaintiff further states that he "intends to follow the evidence wherever it may lead." Id. The requested discovery is overbroad and unwarranted in this APA case. See Bark, 2 F.Supp.3d at 1152 (quoting Comprehensive Cmty. Dev. Corp., 890 F.Supp.2d at 312 (under the APA, "the standard discovery tools of civil litigation—including depositions [and] interrogatories . . . . do not apply").

## CONCLUSION

For the reasons set forth above, Plaintiff has not met the legal burden for obtaining discovery in this APA litigation. Accordingly, Plaintiff's motion for discovery is **DENIED.**

**IT IS SO ORDERED.**

Dated: 1/28/2022

Hon. Barbara L. Major
United States Magistrate Judge