1  Avraham E. Aizenman (SBN 304663)
   Email: eaizenman@reedsmith.com
2  REED SMITH LLP
   355 South Grand Avenue
3  Suite 2900
   Los Angeles, CA  90071-1514
4  Telephone: +1 213 457 8000
   Facsimile: +1 213 457 8080
5
   James Pistorino (SBN 226496)
6  Email: james@dparrishlaw.com
   Parrish Law Offices
7  224 Lexington Dr.
   Menlo Park, CA  94025
8  Telephone: (650) 400-0043

9  Attorneys for Plaintiff
   Ronald Maddern
10

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13

14  RONALD MADDERN,                      No.: 3:21-cv-01298-MMA-BLM

15              Plaintiff,               **OBJECTION TO DISCOVERY
                                         ORDER**
16        vs.

17  LLOYD AUSTIN, in his capacity as
    Secretary of the United States Department
18  of Defense,                          JUDGE: Hon. Barbara L. Major

19              Defendant.

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Pursuant to FED.R.CIV.P. 72(a), Plaintiff Ronald Maddern files these objections to the discovery order issued by Magistrate Major on January 28, 2022, denying discovery related to Plaintiff's claims. *See* Dkt. #23.[1]  Plaintiff's request for discovery related to *ex parte* contacts should be approved.

## BACKGROUND

On objections pursuant to FED.R.CIV.P. 72(a), the objecting party carries the burden of showing that the magistrates' order is clearly erroneous or contrary to law. An order is clearly erroneous if the District Court has a definite and firm conviction that a mistake has been committed.  The contrary to law prong permits independent review of purely legal determinations by the magistrate judge.  An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *See, generally, In re Midland Credit Management, Inc. v. Telephone Consumer Protection Act Litigation*, 2020 WL 6504416 at * 4 (S.D. Cal. Nov. 4, 2020) (Anello, J.).

On December 3, 2021, this Court issued a Scheduling Order.  *See* Dkt. #6.  There, noting a discovery dispute, the Court instructed that discovery would be allowed for the APA claims then asserted based on one of four exceptions described in *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA*, 499 F.3d 1108, 1117 (9th Cir. 2007).  *See* Dkt. #6 at 2.  One of the exceptions noted is "when plaintiffs make a showing of agency bad faith."

Thereafter, Magistrate Major issued an Order requiring a meet and confer and setting a briefing schedule on discovery and further indicating that one of the four exceptions would need to be shown.  *See* Dkt. #7.

Pursuant to the Court's Order, Plaintiff filed briefs on December 29, 2021, and January 14, 2022 (*see* Dkt. #s 9 and 17).  As discussed there, Plaintiff alleged both that there was "bad faith" (pointing to the "frivolous"/"groundless" recommended and final

---

[1] While Plaintiff disagrees with Magistrate Major's conclusions, Plaintiff appreciates Magistrate Major's efforts and the serious consideration of Plaintiff's claims her decision represents.

OBJECTION TO DISCOVERY ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   decisions (*see* AR1298-1306; AR1311-14) and the extraordinary/inexplicable delay)

2   and that Greer/Noel/Dr. Yale had engaged in improper *ex parte* contacts.

3       The Secretary filed an opposition on January 10, 2022 (*see* Dkt. #14) which was

4   remarkable for both revealing previously concealed *ex parte* contacts (not even

5   available when Plaintiff moved for leave to amend the Complaint) and for including a

6   declaration from Mr. Dorgan offering himself as a fact witness for what at least Ms.

7   Greer says.  *See* Dkt. #14; Dorgan Decl..

8       With regard to the newly revealed *ex parte* contacts, they revealed a coordinated

9   effort between Ms. Greer and ALJ Noel to continue to conceal the date a recommended

10   decision issued and the fact of *ex parte* contacts from Plaintiff's counsel.  *See* Dkt. #14,

11   Dorgan Decl., Ex. 10.  In part in this *ex parte* contact, Ms. Greer tells ALJ Noel "we are

12   expediting the process for the Director's signature, and hope this shall finally end this

13   week, prior to Mr. Pistorino's deadline."  While revealing some additional *ex parte*

14   contacts, the Secretary contends that *ex parte* contacts between Ms. Greer and Dr. Yale

15   are "internal" and continues to conceal them.

16       On January 24, 2022, pursuant to this Court's Order, an Amended Complaint was

17   filed including additional causes of action.  One of those causes of action is Count VI

18   based on 5 U.S.C. § 554(d)(1)-(2) which precludes persons like Ms. Greer from

19   participating or advising in a recommended decision or final decision.  *See* Dkt. #21 at

20   10.  Another is Count VIII alleging violation of the Due Process Clause of the United

21   States Constitution.  *Id*. at 11.

22       Finally, on January 28, 20202, Magistrate Major issued a decision denying

23   discovery across the board.  These objections follow.

**DISCUSSION**

25       Respectfully, Plaintiff believes the Magistrate's decision is clearly erroneous and

26   contrary to law.  In addition to the arguments presented here, Plaintiff refers the Court

27   to the briefing on discovery below.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

First, of course, Cause of Action VIII (violation of the Due Process clause of the United States Constitution) does not arise under the APA. This cause of action is based on the alleged lack of neutral decisionmakers issuing decisions on Mr. Maddern's claims. Accordingly, discovery related to that violation is guided only by the Federal Rules of Civil Procedure does not arise under the APA. Because the discovery sought is reasonably calculated to discover evidence relevant and admissible to this cause of action and the discovery is not unduly burdensome, the discovery should be allowed. Thus, respectfully, Magistrate Major's application of a different standard is legal error.

Second, as noted above, Cause of Action VI is based on 5 U.S.C. § 554(d)(1)-(2) which precludes persons like Ms. Greer from participating or advising in a recommended decision or final decision. The newly revealed email traffic between Ms. Greer and ALJ Noel reveals, at least, Ms. Greer's "participation" in Dr. Yale's decision. *See* Dkt. #14, Dorgan Decl., Ex. 10 ("*we* are expediting the process for the Director's signature") (emphasis added).

As most recently explained by the Supreme Court, in reviewing an agency decision, a court is "ordinarily limited" to evaluating the contemporaneous record. *See Dep't of Commerce v. New York*, 139 S.Ct. 2551, 2573-74 (2019). However, there are exceptions. Indeed, even the "mental processes of the administrative decision makers" may be examined on a "strong showing of bad faith *or improper behavior*" and "may justify extra-record discovery." *Id*. at 2574 (emphasis added). Clearly, behavior in violation of 5 U.S.C. § 554 would be "improper" and, therefore, discovery would be warranted based on Plaintiff's strong showing, whether "bad faith" or not. Again, the application of any other standard is legal error.

Because all of the causes of action (other than Cause of Action VIII) arise under the APA, Plaintiff addresses the "bad faith" aspect Plaintiff was directed to make a showing by both this Court and the Magistrate. As detailed, the relevant TriCare coverage provisions state:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

OBJECTION TO DISCOVERY ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

> Services and supplies required in the diagnosis and treatment of illness or injury involving the musculoskeletal system are covered.  U.S. Food and Drug Administration (FDA) approved surgically implanted devices are also covered.[2]

*See* TriCare Policy Manual, Chap. 4, Section 6.1, para. 4.1 (November 2, 2017).  *See* Dkt. #17-1 at 3.  Further, there is no exclusion for the Superion product Mr. Maddern received.  While there is an exclusion for the X-STOP product, it is undisputed that that is a different product made by a different manufacturer.  Thus, simply reading the coverage provisions, Mr. Maddern's claim should be covered.

Despite the explicit language in the relevant coverage provisions, the recommended decision of ALJ Noel and the final decision of Dr. Yale are premised on the idea that the lack of an exclusion for the Superion product represents an "administrative defect" and "loophole" and on that invented basis coverage was denied.  *See* AR1298-1306; AR1311-14.  Plaintiff emphasizes that there has never been any evidence that the Secretary intended to exclude from coverage the Superion product and/or was frustrated from excluding the Superion product by forces beyond his control.  In addition, both decisions appear to confuse the X-STOP product with the Superion product.  Thus, both decisions are literally "groundless" and "frivolous" and, if they do not constitute "bad faith," Plaintiff does not know what would.  Further, of course, Plaintiff contends that the extraordinary delay in even issuing a decision (as well as the concealment of the recommended decision) constitute bad faith.

This is a "strong showing" of "bad faith" and, simply following the authorities to which this Court directed Plaintiff, discovery should be allowed.

Respectfully, it is difficult to follow the Magistrate's reasoning with regard to "bad faith."  In his papers, Plaintiff cited Ninth Circuit decisions defining "bad faith."  *See Ibrahim v. U.S.D.H.S.*, 912 F.3d 1147, 1181 (9th Cir. 2019); *Brown v. Sullivan*, 916

---

[2] As noted, the Superion product Mr. Maddern was treated with is an FDA approved surgically implanted device.

F.2d 492, 496 (9ᵗʰ Cir. 1990); *Rodriguez v. U.S.*, 542 F.3d 704, 710 (9ᵗʰ Cir. 2008). While not providing another definition or test, the Magistrate describes these decisions as "inapplicable." *See* Dkt. #23 at 8. Respectfully, that is in error. This Court directed Plaintiff to make a "bad faith" showing—which Plaintiff did using the standards articulated by the Ninth Circuit. Having made that showing, it should not now be contended that the showing is "inapplicable."

Further, regardless of what Plaintiff shows on "bad faith," the Magistrate declines to make a determination on the grounds that would be a "determination on the merits of [Plaintiff's] case prior to the filing of any dispositive motion and/or based upon the mere fact that he has made allegations." *Id.* Respectfully, that is incorrect on several bases.

First, "bad faith" is not an element of any of the causes of action asserted.[3] Thus, there is no request to rule on the merits at this time. Second, of course, the Magistrate's position represents a Catch 22 in which discovery would never be allowed—in violation of the guidance from both the Ninth Circuit and the Supreme Court. As posited by the Magistrate, discovery can only be had on a showing of "bad faith", but the Magistrate refuses to make that determination because it relates to the merits. Thus, discovery is never allowed. Respectfully, that position does not reflect the guidance from the Ninth Circuit and the Supreme Court.

Third, the Magistrate's reference to "mere allegations" of "bad faith" is simply incorrect. Pending before the Court are both the recommended and final decisions, the relevant authorities (including the TriCare Manual), and the timeline of events. This is well beyond "mere allegations" and Plaintiff's evidence is not so easily dismissed. Again, respectfully, the Magistrate is in error.

The Magistrate's decision offers another Catch 22 resulting in no discovery. As posited by the Magistrate, if Plaintiff can make the "strong showing" of "bad faith" allegedly necessary to obtain discovery, then discovery will be denied on the grounds

---

[3] That said, "bad faith" is an aspect of attorney's fees under the Equal Access to Justice Act (*see* 28 U.S.C. § 2412(b).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

that discovery is not needed. *Id.* at 8. Again, respectfully, that misapplies the law. Assuming *arguendo* that a "strong showing" of "bad faith" is needed and that Plaintiff can make one without discovery, that does not obviate the need for discovery. Discovery may bolster Plaintiff's case, rebut the Secretary's defenses, and/or provide evidence in support of other causes of action. Indeed, such discovery may influence the relief ultimately granted by this Court. For example, Plaintiff contends that those involved in consideration of his claims were not "neutral decision makers." In addition to Cause of Action VIII, discovery related to this may guide this Court's consideration of what relief to grant, including attorney's fees under EAJA. Applying the authorities relied on by both this Court and the Magistrate before the briefing began, Plaintiff has made a strong showing of "bad faith" and discovery should be allowed.

As noted by Plaintiff, in *Greene v. Babbitt*, 943 F.Supp. 1278 (W.D. Wash. 1996), the Secretary's representative engaged in *ex parte* contacts, participated in/advised on the decision, etc., and, ultimately, that conduct was held to violate several statutory provisions and the Due Process Clause of the U.S. Constitution. In a long footnote, Magistrate Major distinguishes *Greene* on the grounds that there was stronger evidence. *See* Dkt. #23 at 7, n. 3. Respectfully, that is reasoning based on hindsight—after all the facts had been determined. Whether this case will represent a situation similar to *Greene* will be known *after* discovery, not *before*. Applying the Magistrate's reasoning, the misconduct in *Greene* would never have been discovered. The very purpose of discovery is to determine that.

Finally, with respect to Plaintiff's request for written discovery and depositions, as stated in Plaintiff's papers, Plaintiff intends to follow the discovery wherever it may lead. In Magistrate Major's view, this request discovery is "overbroad and unwarranted." *See* Dkt. #23 at 8-9. Respectfully, Plaintiff does not know on what basis the Magistrate's view is founded. Written discovery in the form of document requests would, presumably, only reveal email traffic/correspondence and or the fact, but not the content, of oral communications. Only depositions would allow for follow up on

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

OBJECTION TO DISCOVERY ORDER

written communications and the content of oral communications.[4]   Why, in the Magistrate's view, discovery would stop at an arbitrary point (rather than where it leads) is unrevealed.   There is simply no basis to conclude that the requested discovery is "overbroad" and/or "unwarranted."

At the end of the day, the process provided by the Federal Rules is one of "discovery."  That is, to discover facts, etc. not previously known to the requesting party that they may use to bolster their case and/or rebut defenses.   Plaintiff should be permitted to "discover" the additional *ex parte* communications (not just those the Secretary chooses to reveal), if any, and make his case.

## CONCLUSION

For the reasons set forth above, Plaintiff's request for discovery related to *ex parte* contacts should be approved.

DATED:  February 14, 2022

Respectfully submitted,

REED SMITH LLP

By: s/ Avraham E. Aizenman[5]
Avraham E. Aizenman
Attorneys for Plaintiff, Ronald Maddern
Email:   eaizenman@reedsmith.com

By: s/ James C. Pistorino
James C. Pistorino
Attorneys for Plaintiff, Ronald Maddern
Email:   james@dparrishlaw.com

*Attorneys for Plaintiff*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

---

[4] In this regard, Plaintiff emphasizes the Secretary's position that all communications (whether written or oral) between Ms. Greer and Dr. Yale/his office are "internal." While the Secretary has disclosed that there were communications between Ms. Greer and Dr. Yale/his office in some form, what they constituted, their form, etc. continues to be concealed.

[5] I, Avraham E. Aizenman, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

OBJECTION TO DISCOVERY ORDER