Avraham E. Aizenman (SBN 304663)
Email: eaizenman@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

James Pistorino (SBN 226496)
Email: james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff
Ronald Maddern

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MADDERN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LLOYD AUSTIN, in his capacity as Secretary of the United States Department of Defense,<br><br>　　　　　Defendant. | No.: 3:21-cv-01298-MMA-BLM<br><br>**REPLY IN SUPPORT OF OBJECTION TO DISCOVERY ORDER**<br><br>Hon. Michael M. Anello |

The discovery sought by Mr. Maddern should be ordered. Tellingly, rather than the merits, the Secretary's Response begins by claiming that Mr. Maddern's objections were untimely. Resp. at 1. This reflects a simple mistake by the Secretary in how to calculate the time. The Secretary's merits based arguments fare no better. The discovery sought should be ordered.

## I. DISCUSSION

### A. Mr. Maddern Timely Filed Objections

In short, the Secretary neglected to consider a holiday which pushed the objection date from a Friday (February 11) to the following Monday (February 14).

There seems to be no dispute that objections by Mr. Maddern would have been due on February 11, 2022. However, February 11, 2022, was a California State holiday (Lincoln's Birthday).[1] Thus, pursuant to FED.R.CIV.P. 6(a)(6)(C) and 6(a)(1)(C), the due date rolled to the following business day (February 14, 2022), when Mr. Maddern served his objections. Presumably relying on this rationale, commercial docketing services (such as the WestLaw service relied on by counsel in this case) therefore indicated that February 14, 2022, was the due date.

Mr. Maddern's objections were timely.

### B. The Discovery Sought Should Be Ordered

#### 1. Cause of Action VII

First, with respect to the standard for discovery, Mr. Maddern's showing is unrebutted. As to Mr. Maddern's cause of action that does not arise under the APA (Cause of Action VIII – Due Process Violation), the Secretary contends that Maddern did not raise the issue in briefing below. Opp. at 6-7. That is not correct. *See* Dkt. #9 at 8.

---

[1] *See* Cal.Gov.Code § 6700(a)(4) ("February 12, known as 'Lincoln Day'"). Pursuant to Cal.Code.Civil Procedure § 135, judicial holidays are those specified in Cal.Gov.Code § 6700 and when a holiday falls on a Saturday, the Judicial Council may designate another day for observance. In this case, the Judicial Council designated February 11, 2022, as the holiday. *See* https://www.courts.ca.gov/holidays.htm.

Further, the Secretary seeks to recast Mr. Maddern's argument as "discovery in an APA case is always permitted if a separate constitutional claim is pled." Opp. at 7. Mr. Maddern has never argued that. Instead, Mr. Maddern has argued that "when there is a reasonable basis to believe that 'bad faith'/'improper behavior' has occurred, discovery is warranted to determine whether, in fact, that has happened." *See* Dkt. #9 at 9.

As explained by the Ninth Circuit in *Sierra Club v. Trump*, 929 F.3d 670, 698-99 (9th Cir. 2019), its own cases "clearly contemplate that claims challenging agency actions – particularly constitutional claims – may exist wholly apart from the APA." Thus, in such cases, discovery may be appropriate. *See, e.g., Washington v. U.S.D.H.S.*, 2020 WL 4667543 (E.D. Wash. April 17, 2020) at * 5-7 (ordering discovery of discriminatory purpose in APA case based on constitutional claim). The two cases relied on by the Secretary (Opp. at 7) are district court cases from another Circuit.

In sum, while Mr. Maddern does not allege that discovery is always appropriate if there is a constitutional claim, Mr. Maddern alleges that based on his showing in this case, such discovery should be ordered and is not limited by APA standards of review. At this point, it is undisputed that there were *ex parte* contacts between Ms. Greer an ALJ Noel and that such contacts were concealed from Mr. Madern's counsel, what is unknown is their content and extent. Likewise, with regard to *ex parte* contacts between Ms. Greer and Dr. Yale/his office, the Secretary does not dispute that they occurred, while continuing to conceal them. Further, somehow, bases for rejection were invented out of whole cloth, the recommended decision was concealed from Mr. Maddern for nearly two years, and the final decision adopted the baseless recommended decision nearly verbatim and issued in an apparent attempt to head off litigation (rather than an impartial consideration of Mr. Maddern's claims). Given that showing, the discovery should be ordered to get to the bottom of what happened here.

As to the requested discovery itself, Mr. Maddern has always argued that the usual standard should apply (*i.e.*, is the discovery reasonably calculated to discover

relevant information/proportional).  See Fed.R.Civ.P. 26.  Here, the discovery sought meets that standard and the Secretary has not shown otherwise.

### 2. Other Causes of Action

Before addressing the Secretary's arguments, it may help the Court if some facts are cleaned up.  In a footnote, citing 32 C.F.R. § 199.10, the Secretary contends that the regulations direct "the hearing officer to present the recommended decision *only* to the final decision maker."  Opp. at 9, n. 7 (emphasis in original).  That is plainly incorrect.  The regulation - 32 C.F.R. § 199.10(d)(12) - says nothing of the kind.  Instead, it merely requires the recommended decision sent to the final decision maker and specifies its contents.  Nothing in the regulation precludes sending the recommended decision to the parties.  Further, if providing the recommended decision were precluded, the requirements of a recommended decision would be superfluous (who would be able to determine that they were complied with?) as would any distinction between a "recommended decision" and a "final decision."  Second, of course, Congress has commanded the Secretary to share copies of recommended decisions in 5 U.S.C. § 557.  Mere regulations of the Secretary cannot preempt laws passed by Congress and signed by the President.[2]

In his papers, Mr. Maddern noted an *ex parte* communication between Ms. Green and ALJ Noel in which Ms. Greer stated "*we* are expediting the process for the Director's signature" (*see, e.g.*, Dkt. # 25 at 3 (emphasis added)) and pointed to this as indicative of violation of 5 U.S.C. § 554(d)(1)-(2) which precludes persons like Ms. Greer from participating or advising in a recommended or final decision.

---

[2] While not necessary to decide the present motion, in other footnotes, the Secretary contends that 5 U.S.C. § 554 does not apply in TriCare cases because § 554 allegedly only applies in cases of "adjudication required by statute" and the TriCare statute - 10 U.S.C. § 1071 – allegedly does not require adjudication. Opp. at 7, n. 6; 9, n. 7.  This is plainly incorrect.  "Hearings compelled by reason of the due process Fifth Amendment requirements are treated for purposes of 5 U.S.C. § 554 as required 'by statute.'"  *Clardy v. Levi*, 545 F.2d 1241, 1244 (9th Cir. 1976) (*citing Wong Yang Sung v. McGrath*, 339 U.S. 33 (1950)).  Maddern has a property interest in continued receipt of Government benefits that is protected by the Fifth Amendment due process protections.  *See Matthews v. Eldridge*, 424 U.S. 319, 332 (1976).  Thus, § 554 applies to TriCare proceedings.

The Secretary contends that discovery of the undisputed *ex parte* contacts between Ms. Greer and Dr. Yale should not be allowed because the Secretary offers an explanation that has "context." Opp. at 8. Respectfully, there is no basis for an approach that views all evidence in the light most favorable to the party resisting discovery and, on that contrived basis, precludes discovery. The Secretary has his view. Mr. Maddern has his. The purpose of discovery is to "discover" information that may bolster or rebut either side and the truth determined. Mr. Maddern's discovery is reasonably calculated to discover the same.

With regard to Maddern's "bad faith" showing as articulated by the Ninth Circuit and directed by this Court, the Secretary offers no alternative definition or even defense of the underlying decision. Opp. at 10-11.

Moreover, neither the Secretary nor Magistrate Major explain how any of this is consistent with the Supreme Court's decision in *Dep't of Commerce v. New York*, 139 S.Ct. 2551 (2019). As offered by the Secretary and Magistrate Major, when Maddern makes a "strong showing of bad faith or other improper behavior", that is the very reason that no discovery is allowed. In *Dep't of Commerce*, the Supreme Court held just the opposite. *Id.* at 2573-74.

Further, with regard to "bad faith", again, Judge Major refused to determine whether it was present or not. As shown, the decision denying coverage in this case is without any basis whatsoever. The very idea that coverage provisions which explicitly provide for coverage are some sort of "loophole" or should be ignored as a result of an imagined "administrative defect" is the very definition of "frivolous." The Secretary first contends that he is going to "rebut these contentions" (but does not explain how or what the alleged good faith basis could be) before saying that, even assuming that this constitutes bad faith, there should still be no discovery. Opp. at 10. Again, how any of this jibes with the cases from the Supreme Court and the Ninth Circuit is unexplained.

To be clear, in the present case, Maddern showed both that there was "bad faith" (in the form of the frivolous nature of the decisions themselves) *and* that there was

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 5 –
REPLY IN SUPPORT OF OBJECTION TO DISCOVERY ORDER

improper behavior (in the form of concealing the recommended decision and the *ex parte* contacts).

With regard to *Greene*, the Secretary contends that "Plaintiff admits that he does not have evidence of bad faith." Opp. at 11. That is simply untrue. Plaintiff alleges that he does have evidence of "bad faith" (in the form of the decisions themselves). Instead, what Maddern stated is that it is not currently known whether the situation that occurred in *Greene* (*i.e.*, *ex parte* contacts advocating for a particular decision, etc.) is present in this case as well. That is what the discovery seeks to find out. That there were *ex parte* contacts is known, it is there content and extent that remains to be determined.

Again, using the standards articulated by the Supreme Court and the Ninth Circuit, and as directed by this Court, Maddern made the required showing and the discovery should be ordered. Respectfully, Magistrate Major erred legally when she applied the wrong standard.

### 3. The Scope of Discovery

With respect to scope of discovery, in his motion papers, Mr. Maddern stated:

> Plaintiff seeks both written discovery and depositions.
>
> As to written discovery, on information and belief, Plaintiff understands that various communications between Ms. Greer, ALJ Noel, and Dr. Yale/his office were conducted by email. Plaintiff seeks production of these documents.
>
> In addition, Plaintiff understands that there were multiple telephone conversations between Ms. Greer and the relevant individuals. Accordingly, Plaintiff seeks the depositions of Ms. Greer, ALJ Noel, and Dr. Yale/his office and anyone else Ms. Greer/ALJ Noel had communications with about this matter.
>
> Plaintiff intends to follow the evidence wherever it may lead.

*See* Dkt. #9 at 14. In Magistrate Major's view this was "extremely overbroad"/"overbroad", without indicating how so. *See* Dkt. #23 at 8-9. In opposition,

the Secretary now contends that Maddern failed to comply with a Court order, when not even Magistrate Major found that. Opp. at 12-13. As Maddern stated in his papers here, there is no basis on which to limit discovery in some arbitrary way. It may be the case that production of documents from Greer/Noel/Yale and their depositions will resolve the matter. That said, it may also be the case that other discovery is needed. As stated, Maddern intends to pursue it whether short or long.

Given that there are admitted *ex parte* contacts between Greer, Noel, and Yale, discovery of those contacts is exactly what is warranted.

## CONCLUSION

For the reasons set forth above, Plaintiff's request for discovery related to *ex parte* contacts should be approved.

DATED: April 4, 2022

Respectfully submitted,

REED SMITH LLP

By: /s/ Avraham E. Aizenman
Avraham E. Aizenman
Attorneys for Plaintiff, Ronald Maddern
Email:   jlwood@reedsmith.com

By: /s/ James C. Pistorino
James C. Pistorino
Attorneys for Plaintiff, Ronald Maddern
Email:   james@dparrishlaw.com

*Attorneys for Plaintiff*