1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

RONALD MADDERN,

               Plaintiff,

v.

LLOYD AUSTIN,

               Defendant.

Case No. 21-cv-1298-MMA (BLM)

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 28, 2022 ORDER**

[Doc. No. 25]

      Plaintiff Ronald Maddern ("Plaintiff") brings this action against Defendant Lloyd Austin, in his official capacity as Secretary of the United States Department of Defense ("Defendant"), pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 *et seq.* and the Due Process Clause of the Fifth Amendment of the U.S. Constitution.  *See* Doc. No. 21 ("FAC").  Plaintiff challenges the denial of his application for certain TriCare health benefits available under 10 U.S.C. § 1075.  *See id.*

      On January 28, 2022, Magistrate Judge Barbara L. Major issued an order denying Plaintiff's motion for discovery related to allegedly improper *ex parte* contacts.  *See* Doc. No. 23.  On February 14, 2022, Plaintiff objected to Judge Major's order pursuant to Federal Rule of Civil Procedure 72(a).  *See* Doc. No. 25.  Defendant responded to Plaintiff's objections, and Plaintiff replied to Defendant's response.  *See* Doc. Nos. 27,

28.  The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.  *See* Doc. No. 26.  For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections.

## I. BACKGROUND[1]

Plaintiff is a retired Staff Sergeant with the United States Army who, because of his service, qualifies for "health care benefits provided to retired uniformed service members under the 'TRICARE' program" pursuant to 10 U.S.C. § 1075.  FAC ¶¶ 7–8.  Plaintiff challenges the denial of his application for certain TriCare health benefits following the insertion of two Vertiflex Superion ("Superion") interspinous spacers, which were "inserted [in]to [Plaintiff's] spine to relieve pressure on some of the vertebrae."  *Id.* ¶¶ 28, 36, 38, 39.

Judicial review of agency action under the APA is generally limited to review of the administrative record.  *See* 5 U.S.C. § 706.  However, the Ninth Circuit has identified four narrow exceptions where augmentation of the administrative record is justified:

> (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA,* 499 F.3d 1108, 1117 (9th Cir. 2007) (citing *Southwest Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)).  Here, Plaintiff "seeks discovery related to *ex parte* contacts engaged in by the Secretary's counsel (Ms. Greer), the ALJ who issued the recommended decision below (Ms. Noel), and the final decision maker (Dr. Yale)/his

---

[1] Except where otherwise indicated, the following information is taken from the operative complaint.

office." Doc. No. 9 at 2.[2]  Plaintiff contends that he has made a showing of agency bad faith or improper behavior that warrants this extra-record discovery. *Id.* at 12.

On January 28, 2022, Magistrate Judge Barbara L. Major issued an order denying Plaintiff's motion for discovery. *See* Doc. No. 23.  On February 14, 2022, Plaintiff filed the instant objections to Judge Major's discovery order.  Doc. No. 25.

## II. LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a).  The magistrate judge's order will be upheld unless "it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).  "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS (MDD), 2017 WL 3335736, at *1 (S.D. Cal. Aug. 4, 2017) (quoting *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000)).  "Under Rule 72(a), [a] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 575 (D. Nev. 2012) (internal quotation marks and citation omitted).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (citation omitted).

"When reviewing discovery disputes, however, the Magistrate [Judge] is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (internal citations and quotation omitted).

---

[2] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III. DISCUSSION

Plaintiff objects to Judge Major's discovery order on six grounds.  *See* Doc. No. 25.  As an initial matter, the Court addresses the timeliness of Plaintiff's objections.  The Court then addresses each of Plaintiff's objections in turn.

**A.    Timeliness**

Defendant argues Plaintiff's objections to the Magistrate Judge's order are untimely because Plaintiff failed to file the objections to the order within the 14-day deadline set forth by Federal Rule of Civil Procedure Rule 72(a).  *See* Doc. No. 27 at 5–6.

An objecting party under Rule 72(a) must "file objections to the order within 14 days" of the magistrate judge's order.  Fed. R. Civ. P. 72(a).  In computing time, the Court must

> (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1).

Here, Judge Major issued a written ruling denying Plaintiff's motion for discovery on Friday, January 28, 2022.  Doc. No. 23.  Pursuant to Federal Rule of Civil Procedure 6, the 14-day period in which to object began the following day on Saturday, January 29, 2022.  *See* Fed. R. Civ. P. 6(a)(1)(A).  Starting the computation on Saturday, January 29, 2022, the Court counts each day.  The final day of the 14-day objection window fell on Friday, February 11, 2022—a California state holiday that triggered the Rule 6(a)(1)(C) tolling provision.[3]  Plaintiff filed his objections on Monday, February 14, 2022, which

---

[3] *See* Fed. R. Civ. Pro. 6(a)(6)(c) (defining "legal holiday" as follows: "[F]or periods that are measured after an event, any [ ] day declared a holiday by the state where the district court is located."); Cal. Gov. Code § 6700(a)(4) ("The holidays in this state are: . . . February 12, known as 'Lincoln Day[.]'"); Cal. Code. Civ. Pro. § 135 ("If a judicial holiday falls on a Saturday or a Sunday, the Judicial Council may designate an alternative day for observance of the holiday.); *Court Holidays*, Cal. Cts., The Judicial

was the next day following February 11, 2022 that was not a Saturday, Sunday, or legal holiday.  Therefore, Plaintiff's objections are timely.

**B.    Due Process**

Judge Major found the following regarding the discovery standard applicable to Plaintiff's claims:

> Extra-record evidence may only be admitted when (1) the extra-record documents are needed to ascertain "whether the agency considered all relevant factors and has explained its decision," (2) the extra-record documents were relied on by the agency for decision-making, (3) the extra-record documents are needed to explain technical terms or complex subject matter," or (4) the plaintiff has made "a showing of agency bad faith." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (quoting *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). . . .
>
> To obtain discovery under the fourth exception, . . . [T]he correct standard is whether Plaintiff has produced evidence demonstrating a "strong showing" of bad faith or improper behavior. *See Dep't of Commerce*, 139 S. Ct. at 2573–2574 ("[o]n a strong showing of bad faith or improper behavior, such an inquiry may be warranted and may justify extra-record discovery").

Doc. No. 23 at 4–5.  Plaintiff argues that "discovery related to [violation of the Due Process Clause of the United States Constitution] is guided only by the Federal Rules of Civil Procedure [and] does not arise under the APA."  Doc. No. 25 at 4.

As an initial matter, Defendant argues that Plaintiff "is precluded from asserting this objection, because he never raised this argument in his briefing on the underlying discovery motion."  Doc. No. 27 at 10.  In his reply, Plaintiff urges that the issue was raised below in his discovery motion.  Doc. No. 28 at 2 (citing Doc. No. 9 at 8).

---

Branch of Cal., https://www.courts.ca.gov/holidays.htm (last visited Apr. 11, 2022) (stating that, in 2022, Lincoln Day was observed on Friday, February 11th).

Plaintiff's discovery motion is silent on the issue of which discovery standard applies to constitutional claims brought in connection with an APA case.  Even assuming Plaintiff implicitly raised the objection in his discovery briefing, the Court finds Plaintiff's argument unpersuasive.  The Ninth Circuit has not addressed this issue.  "A few district courts faced with both APA and constitutional claims determined that the constitutional claims 'fundamentally overlap' with the APA claims and thus discovery was unnecessary." *California v. United States Dep't of Homeland Sec.*, Case Nos. 19-cv-04975-PJH, 19-cv-04980-PJH2020, U.S. Dist. LEXIS 57540, at *66–67 (N.D. Cal. Apr. 1, 2020) (citations omitted).  "Alternatively, some courts have permitted some discovery when the APA and constitutional claims diverge in some meaningful way." *Id.* at 67. Plaintiff satisfies neither test as his due process claim turns on precisely the same facts as the rest of the First Amended Complaint: the timeliness and basis of the agency's decisions.  *See Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Service*, 58 F. Supp. 3d 1191, 1238–41 (D.N.M. 2014) (concluding that the plaintiff's constitutional claims were subject to the APA's discovery provisions because "[t]he case before the Court is an appeal of an agency action in every respect: that the appeal alleges constitutional violations as well as statutory ones does not take it outside of the APA").

As his only support for his argument that his due process claim is entitled to a different discovery standard than his APA claims, Plaintiff cites *Sierra Club v. Trump*, 929 F.3d 670, 698–99 (9th Cir. 2019) and *Washington v. U.S.D.H.S.*, No. 4:19-CV-5210-RMP, 2020 WL 4667543, at * 5–7 (E.D. Wash. Apr. 17, 2020) in his reply brief. However, *Sierra Club* does not address discovery.  Additionally, *U.S.D.H.S.* is not binding, and as Plaintiff himself acknowledges, goes only as far as to say discovery for constitutional claims challenging an agency decision "*may* be appropriate."  Doc. No. 28 at 3 (citing *U.S.D.H.S.*, 2020 WL 4667543, at *5–7).  Moreover, in allowing discovery, the *U.S.D.H.S.* court concluded that the "States' allegations regarding their equal protection claim are dissimilar from, and do not fundamentally overlap with, their allegations regarding their APA claims." *U.S.D.H.S.*, 2020 WL 4667543, at *7.

*U.S.D.H.S.* is therefore uninstructive here, where Plaintiff's APA claim and due process claim unquestionably converge.

In sum, Plaintiff does not cite, and the Court is unaware of, any binding case law suggesting that Plaintiff's due process claim, which is deeply intertwined with his APA claims, is entitled to the more generous discovery standard allotted under Federal Rule of Civil Procedure 26 rather than the APA standard applied by Judge Major in her discovery order. Accordingly, the Court concludes that Judge Major's order is neither clearly erroneous nor contrary to law in this respect. *Cf. Jarita Mesa Livestock Grazing Ass'n*, 58 F. Supp. 3d at 1238–41 ("[T]o hold otherwise . . . would be to incentivize every unsuccessful party to agency action to allege bad faith, retaliatory animus, and constitutional violations to trade the APA's restrictive procedures for the more evenhanded ones of the Federal Rules of Civil Procedure"). Therefore, the Court **OVERRULES** Plaintiff's objection on this ground.

## C.   Allegedly Improper *Ex Parte* Contacts

Judge Major found the following regarding Plaintiff's argument that discovery is warranted because of alleged *ex parte* contacts:

> Plaintiff has not identified any improper *ex parte* communication. *See* Mot.; Reply. Rather, Plaintiff merely asserts the conclusory argument that because there were *ex parte* communications regarding the status of the case and other procedural matters, there must have been improper *ex parte* communications relevant to the merits of the proceeding. This is insufficient. *See Mayor and City Council of Baltimore*, 429 F. Supp. 3d at 138 ("mere allegations of bad faith are inadequate to overcome the presumption of regularity accorded to agency action."); *see also Moralez*, 2017 WL 2264855, at *2 ("A plaintiff seeking discovery based on allegations of bad faith or prejudgment must make allegations that are 'serious' and 'nonconclusory,' ... or present 'independent evidence of improper conduct.") (quoting *Air Transp. Ass'n of Am., Inc.*, 2010 WL 8917910, at *2).

Doc. No. 23 at 7–8. Plaintiff argues that he is entitled to discovery because "[t]he newly revealed email traffic between Ms. Greer and ALJ Noel reveals, at least, Ms. Greer's

'participation' in Dr. Yale's decision." Doc. No. 25 at 4. Plaintiff provides no support for this assertion beyond a bald and unilluminating citation to the Supreme Court's decision in *Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019). *See* Doc. Nos. 25 at 4, 28 at 5. Moreover, Plaintiff fails to explain how Judge Major purportedly erred in her conclusion beyond simply stating that she did.[4] The Court concludes that Judge Major's order is neither clearly erroneous nor contrary to law in this respect. *Cf. Raz Inland Navigation Co., Inc. v. I.C.C.*, 625 F.2d 258, 260 (9th Cir. 1980) ("Congress recognized [ ] that not all communications between agency decision-makers and interested parties would contravene the purposes of the proscription of *ex parte* communications. Excluded from the proscribed communications were those contacts that do not affect the way a given case is decided."). Therefore, the Court **OVERRULES** Plaintiff's objection on this ground.

## D.   "Groundless"/"Frivolous"

Regarding Plaintiff's argument that the agency decisions are "groundless" and "frivolous," Judge Major concluded the following:

> Plaintiff's second argument is that Defendant engaged in bad faith conduct or improper behavior based upon the alleged delay in issuing the final decision, inadequacy of the final decision, and assertion that the decisions are "'groundless', 'obviously wrong', and/or 'frivolous.'" Mot. at 12–14; Reply at 5–7. The alleged bases for finding bad faith or improper conduct are the same arguments and claims Plaintiff asserted in his complaint and likely will assert in the dispositive motion that he files. As a result, Plaintiff is requesting that the undersigned judge make a determination of the merits of his case prior to the filing of any dispositive motion and/or to permit him to conduct discovery based upon the mere fact that he has made the allegations. . . Plaintiff's arguments do not justify discovery in this APA litigation.

---

[4] Plaintiff's conclusory argument that he has demonstrated "improper behavior" warranting extra-record discovery because "behavior in violation of 5 U.S.C. § 554 would be 'improper'" is similarly unavailing. *See* Doc. No. 25 at 4.

Doc. No. 23 at 8. In the Rule 72(a) objections before the Court, Plaintiff again urges that discovery is warranted because the "recommended decision of ALJ Noel and the final decision of Dr. Yale" are "'groundless' and 'frivolous'" because the decisions "are premised on the idea that the lack of an exclusion for the Superion product represents an 'administrative defect' and loophole." *See* Doc. No. 25 at 5.

Plaintiff's arguments are unpersuasive; Plaintiff provides no case law suggesting that his own characterization of the agency decisions as "groundless" can, without more, justify extra-record discovery. Moreover, in concluding that Plaintiff's "groundlessness" and "frivolousness" arguments do not justify extra-record discovery in this case, Judge Major correctly declined to make a determination of the merits of Plaintiff's case; Rule 72(a) is not the appropriate vehicle for raising claim or defense dispositive matters.

Plaintiff therefore fails to show that Judge Major's order is clearly erroneous or contrary to law in this regard. Accordingly, the Court **OVERRULES** Plaintiff's objection on this ground.

### E. Case Citations Deemed "Inapplicable"

In his discovery motion, Plaintiff cites *Brown v. Sullivan*, 916 F.2d 492 (9th Cir. 1990), *Rodriguez v. United States*, 542 F.3d 704, 710 (9th Cir. 2008), and *Ibrahim v. U.S.D.H.S.,* 912 F.3d 1147 (9th Cir. 2019) in support of his argument that the agency's decisions were made in "bad faith." Doc. No. 9 at 12–13. Judge Major concluded the following regarding those cases: "Plaintiff relies on inapplicable law regarding the awarding of attorney's fee and general civil litigation." *See* Doc. No. 23 at 8.

In the instant Rule 72(a) objections, Plaintiff argues: "While not providing another definition or test, the Magistrate [Judge] describes these decisions as 'inapplicable.' Respectfully, that is in error." Doc. No. 25 at 6 (citation omitted). Plaintiff urges that he has made a "bad faith" showing "using the standards articulated by the Ninth Circuit." *Id.* at 6.

Neither the Supreme Court nor the Ninth Circuit have squarely defined "bad faith" in the "bad faith exception" context. However, the Supreme Court has stated that in

order to fall within the "bad faith" exception, Plaintiffs must make a "strong showing of bad faith or improper behavior[,]" *Dep't of Commerce*, 139 S. Ct. at 2573–74, which is precisely the standard stated in Judge Major's order, *see* Doc. No. 23 at 5.  Furthermore, as Judge Major noted in her discovery order, *see* Doc. No. 23 at 8, *Brown*, *Rodriguez*, and *Ibrahim* address "bad faith" in the context of attorney's fee awards.  *Brown*, 916 F.2d at 495; *Rodriguez*, 542 F.3d at 709; *Ibrahim*, 912 F.3d at 1153.  Plaintiff does not cite, and the Court is unaware of, any binding case law suggesting that "bad faith" in an attorney's fee award context is synonymous with "bad faith" in the APA extra-record discovery context.  Absent a contrary indication from the Ninth Circuit, the cases proffered by Plaintiff therefore do not provide a controlling definition of "bad faith" for this APA case.

Therefore, the Court concludes that Judge Major's order is neither clearly erroneous nor contrary to law in this respect.  *See Bark v. Northrop*, 2 F. Supp 3d 1147, 1153 (D. Or. 2014) ("[T]he bad faith exception to the record rule, as with the other exceptions, only comes into play if the plaintiff can adequately justify their discovery request. . . . [p]laintiffs' conclusory allegation does not meet this burden.").  Accordingly, the Court **OVERRULES** Plaintiff's objection on this ground.

## F.   *Greene v. Babbitt*

Regarding Plaintiff's argument that *Greene v. Babbitt*, 943 F. Supp. 1278 (W.D. Wash. 1996) provides a basis for the Court to conclude that impermissible *ex parte* communications occurred, *see* Doc. No. 25 at 7, Judge Major found the following:

> Plaintiff cites to *Greene v. Babbitt*, 943 F. Supp. 1278 (W.D. Wash. 1996) to support his argument that communications between Ms. Greer, ALJ Noel, and Dr. Yale are improper and justify discovery.  Mot. at 10; *see also* Reply at 5-6. However, *Greene* is distinguishable from the instant matter.  In *Greene*, the allegations of improper *ex parte* communications were more than just allegations and conclusory statements.

Doc. No. 23 at 7 fn.3.  Plaintiff argues that "[w]hether this case will represent a situation similar to *Greene* will be known after discovery, not before."  Doc. No. 25 at 7 (emphasis omitted).

Plaintiff's argument is unpersuasive.  The *Greene* opinion proffered by Plaintiff is silent on the issue of whether to allow extra-record discovery in an APA case.  Moreover, *Greene* is not binding on this Court.  Thus, the Court concludes that Judge Major's order is neither clearly erroneous nor contrary to law in this respect.  Therefore, the Court **OVERRULES** Plaintiff's objection on this ground.

## G.    Scope of Discovery

Judge Major found the following regarding the scope of Plaintiff's discovery request:

> Plaintiff seeks written discovery, including production of emails "between Ms. Greer, ALJ Noel, and Dr. Yale/his office" and "depositions of Ms. Greer, ALJ Noel, and Dr. Yale/his office and anyone else Ms. Greer/ALJ Noel had communications with about this matter."  . . .  The requested discovery is overbroad and unwarranted in this APA case.  *See Bark*, 2 F. Supp. 3d at 1152 (quoting *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 312 (under the APA, "the standard discovery tools of civil litigation—including depositions [and] interrogatories . . . . do not apply")).

Doc. No. 23 at 8–9 (citing Doc. No. 9).  Plaintiff argues that "[t]there is simply no basis to conclude that the requested discovery is 'overbroad' and/or 'unwarranted.'"  Doc. No. 25 at 8.

"The general rule is 'that agency actions are to be judged on the agency record alone, without discovery.'"  *Jennings v. Mukasey*, 511 F.3d 894, 900 (9th Cir. 2007) (quoting *Public Power Council v. Johnson,* 674 F.2d 791, 794 (9th Cir.1982)).  In light of the foregoing analysis, Plaintiff has not demonstrated that his claims are entitled to any extra-record discovery, nor demonstrated that Judge Major erred in denying Plaintiff access to the full complement of general civil litigation discovery tools such as

depositions and interrogatories, which are normally unavailable for APA claims. *See id.* Accordingly, the Court concludes that Judge Major's order is neither clearly erroneous nor contrary to law in this regard. Therefore, the Court **OVERRULES** Plaintiff's objection on this ground.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Judge Major's January 28, 2022 discovery order is neither clearly erroneous nor contrary to law. Accordingly, the Court **OVERRULES** Plaintiff's objections.

**IT IS SO ORDERED**.

Dated: April 22, 2022

HON. MICHAEL M. ANELLO
United States District Judge