RANDY S. GROSSMAN
United States Attorney
GLEN F. DORGAN (SBN 160502)
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7665
Fax: (619) 546-7751
Email: glen.dorgan@usdoj.gov

Attorneys for Defendant LLOYD AUSTIN, Secretary U.S. Dept. of Defense

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MADDERN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LLOYD AUSTIN, in his capacity as Secretary of the United States Department of Defense,<br><br>　　　　Defendants. | Case No. 3:21-cv-01298-MMA-BLM<br><br>**DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>DATE: June 27, 2022<br>TIME: 2:30 p.m.<br>DEPT: 3-C<br>JUDGE: Hon. Michael M. Anello |

Pursuant to the Court's Civil Chambers Rules, Defendant LLOYD AUSTIN, Secretary U.S. Dept. of Defense, hereby submits the following Statement of Undisputed Facts in support of its Motion for Summary Judgment.

| No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | On August 7, 2017, Plaintiff Ronald Maddern ("Plaintiff") underwent surgery to implant a Vertiflex Superion ("Superion device") into his vertebrae to treat lumbar spinal stenosis. | First Amended Complaint ("FAC") [ECF #21] ¶ 36 |
| 2. | On November 9, 2017, Plaintiff underwent a second surgery to implant the Superion device into his vertebrae to treat lumbar spinal stenosis. | FAC ¶ 38 |
| 3. | The Superion device is an interspinous spacer that fits between the vertebrae, and it is an alternative to a surgical laminectomy, which is considered the standard treatment for lumbar spinal stenosis. | FAC ¶ 22; AR 1299; see AR 832 (identifying a laminectomy as the "gold standard"); see also AR 1059 (same) |
| 4. | Post-surgery, Plaintiff submitted a claim to TRICARE for reimbursement of the cost of his August 7, 2017 surgery. | AR 9-21 |
| 5. | While Plaintiff's claim submission included documents regarding the November 2017 procedure, Plaintiff had yet to receive a bill for his second surgery when he filed his claim. | AR 9-21, 1300 |
| 6. | In his claim, Plaintiff identified his surgery by referencing CPT code 22869 and HCPCS code C1821. | AR 13 |
| 7. | CPT code 22869 replaced former CPT code 0171T in December 2016. | AR 1300-01 |
| 8. | As of the date of Plaintiff's claim, the TRICARE Policy Manual ("TPM") included the following provisions:<br><br>Chpt. 1, Sec. 2.1, ¶ 1.0: "Any . . . device . . . whose safety and efficacy has not been established is unproven and excluded from coverage."<br><br>Chpt. 1, Sec. 2.1, ¶ 2.1: "A . . . device . . . is unproven [i]f . . . [FDA] approval . . . has not been given . . . ." | AR 1318 (Chpt. 1, Sec. 2.1, ¶¶ 1.0, 2.1); AR 1319 (Chpt. 1, Sec. 2.1, ¶ 7.0); AR 1325 (Chpt. 8, Sec. 5.1, ¶ 2.2); AR 1322-23 (Chpt. 4, Sec. 6.1, ¶¶ 5.0, 5.9) |

| No. | Fact | Supporting Evidence |
|---|---|---|
|  | Chpt. 1, Sec. 2.1, ¶ 7.0: "TRICARE policy and benefit structure is never based solely on that of other Government medical programs, including Medicare . . . ."<br><br>Chpt. 4, Sec. 6.1, ¶ 5.0 "Exclusions," ¶ 5.9: "XSTOP Interspinous Process Decompression System (CPT procedure codes 0171T and 0172T, HCPCS code C1821) for the treatment of neurogenic intermittent claudication secondary to lumbar spinal stenosis is unproven."<br><br>Chpt. 8, Sec. 5.1, ¶ 2.2: "Not all FDA approved devices are covered. Coverage of a medical device is subject to all other requirements of the law, rules, and policy governing TRICARE. If the device is used for a noncovered or excluded indication, benefits may not be allowed." |  |
| 9. | In 2019, the TPM was updated to reflect the change to CPT code 0171T and expressly exclude coverage for claims associated with CPT code 22869. | AR 1301 n. 7, 1330 |
| 10. | While Medicare reimbursed $9,232.00 for the August 2017 procedure, TRICARE denied Plaintiff's claim in the amount of $2,378 in late 2017. | AR 22-23, 28-29, 1300 |
| 11. | On March 5, 2018, Plaintiff appealed TRICARE's denial to the Wisconsin Physicians Service ("WPS"). | AR 45 |
| 12. | In his appeal to WPS, Plaintiff again did not provide a bill for the November 2017 procedure. | AR 45, 55 |
| 13. | On March 12, 2018, WPS denied Plaintiff's appeal on the basis that the TPM excluded coverage of interspinous spacer devices associated with code 0171T and HCPCS code C1821. | AR 47, 50-56 |
| 14. | On April 9, 2018, Plaintiff requested formal review from DHA's Office of General Counsel Appeals, Hearings and Claims Collection Division ("Hearings and Appeals"). | AR 58 |

| No. | Fact | Supporting Evidence |
|---|---|---|
| 15. | Matters concerning relatively new medical procedures are referred to the DHA Medical Benefits and Reimbursement Division ("MB&RD"), which is responsible for ensuring that all medical benefits considered for cost-sharing under TRICARE are supported by scientific peer reviewed literature and within the constraints of the law and regulation. Accordingly, in response to Plaintiff's request for a formal review, Hearings and Appeals submitted a request to MB&RD for a determination regarding TRICARE coverage of interspinous spacer devices, including Superion. | AR 830 (referral), 833 (role of MB&RD), 774 (purpose of referral) |
| 16. | Between 2007 and 2017, MB&RD had on five separate occasions evaluated the available medical literature regarding interspinous spacer devices and found "a lack of well-controlled studies with a surgical comparator as a factor precluding coverage." | AR 778 |
| 17. | On July 31, 2018, in response to Hearings and Appeals' request, MB&RD issued a Medical Benefit Determination finding "insufficient evidence to recommend the use of [interspinous spacer devices like Superion] for the treatment of [lumbar spinal stenosis]." | AR 773-790; *see* AR 788 (summary of findings) |
| 18. | On December 7, 2018, Hearings and Appeals denied the claim after concluding that the Superion device was "unproven in the treatment" of Plaintiff's condition. Hearings and Appeals then advised Plaintiff that he had a right to request a hearing pursuant to 32 C.F.R. § 199.10(d). | AR 829-835 |
| 19. | On February 5, 2019, Plaintiff requested a hearing pursuant to 32 C.F.R. § 199.10(d). | AR 857-861; *see* AR 3-4 |
| 20. | Administrative Judge Nicole Noel ("AJ Noel") was assigned as the Hearing Officer, and the hearing was scheduled for August 22, 2019, in San Diego. | AR 868, 910-11 |
| 21. | In advance of the hearing, DHA presented its "Statement of Position" regarding the basis for the denial of Plaintiff's claim, which incorporated by reference the decision issued previously by Hearings and Appeals. | AR 836-66; *see* AR 864, 829-856 |

3

| No. | Fact | Supporting Evidence |
|---|---|---|
| 22. | Prior to and during the hearing, Plaintiff introduced evidence of (1) FDA premarket approval of Superion; (2) Medicare coverage; (3) the success of his surgery; and (4) seven medical articles. | AR 964-1114 (Plaintiff's pre-hearing submissions); AR 1117-1272 (Hearing Transcript); AR 1289-93 (Plaintiff's closing statement); see AR 976-1044, 1290 (documenting FDA Pre-market approval); AR 1237 (testimony regarding Medicare coverage); AR 1141-1267, 1290-91 (transcript of, and summary of, testimony of Plaintiff, Mrs. Maddern and Dr. Verdolin); AR 1290 (summary of articles submitted) |
| 23. | The medical studies presented by Plaintiff consisted of (1) two studies authored by Vikas V. Patel, M.D., that followed outcomes for patients treated with the Superion device as compared with "a control spacer (X-Stop)"; (2) two studies authored by Pierce D. Nunley that followed outcomes for patients treated with the Superion device, with the first study using X-Stop patients as a control group and the second study using no control comparison; (3) a third study authored by Pierce D. Nunley that evaluated the use of opioid medications for patients treated with the Superion device; (4) a study authored by Jason Hartman that evaluated comorbidities only in patients treated with the Superion device; and (5) a study authored by Timothy R. Deer, M.D., that reviewed and evaluated existing peer-reviewed literature. | AR 1045, 1053 (Patel); AR 1059-60, 1064-65, 1073 (Nunley); AR 1079-80 (Hartman); AR 1090-91 (Deer) |
| 24. | On January 21, 2020, AJ Noel issued her recommended decision to the Director's designee, Dr. Kenneth Yale, the Chief, TRICARE Health Plan. | AR 1298-1306 |
| 25. | On May 18, 2021, Dr. Yale issued DHA's final decision denying the appeal. | AR 1311-1314 |

4

| No. | Fact | Supporting Evidence |
|---|---|---|
| 26. | There is no evidence that any DHA representatives engaged in improper *ex parte* communications regarding Plaintiff's administrative appeal. | Order [ECF #23], 7:6-10; Order [ECF #29], 7:14-8:12 |

Date: May 7, 2022

RANDY S. GROSSMAN
United States Attorney

By /s/ *Glen F. Dorgan*
GLEN F. DORGAN
Attorneys for Defendant