Avraham E. Aizenman (SBN 304668)
Email: eaizenman@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

James Pistorino (SBN 226496)
Email: james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Attorneys for Plaintiff
Ronald Maddern

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MADDERN,<br><br>             Plaintiff,<br><br>     vs.<br><br>LLOYD AUSTIN, in his capacity as Secretary of the United States Department of Defense,<br><br>             Defendant. | Case No. 21-cv-1298-MMA-BLM<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS**<br><br>Hearing Date:  June 27, 2022<br>Time:          2:30 p.m.<br>Dep't:         3-C<br>Judge: Hon. Michael M. Anello |

Plaintiff Ronald Maddern respectfully submits the following Response to Defendant's Separate Statement of Undisputed Material Facts in support of its Motion for Summary Judgment:

| No. | Defendant's Material Fact | Plaintiff's Response |
|---|---|---|
| 1. | On August 7, 2017, Plaintiff Ronald Maddern ("Plaintiff") underwent surgery to implant a Vertiflex Superion ("Superion device") into his vertebrae to treat lumbar spinal stenosis.  *First Amended Complaint ("FAC") [ECF #21] ¶ 36* | Admitted. |
| 2. | On November 9, 2017, Plaintiff underwent a second surgery to implant the Superion device into his vertebrae to treat lumbar spinal stenosis.  *FAC ¶ 38* | Admitted. |
| 3. | The Superion device is an interspinous spacer that fits between the vertebrae, and it is an alternative to a surgical laminectomy, which is considered the standard treatment for lumbar spinal stenosis. | Admitted that the Superion product is an interspinous spacer that fits between vertebrae. Denied that a laminectomy is the standard treatment for lumbar spinal stenosis for persons suffering from comorbidities, such as diabetes. AR1203-4; AR1244-45; AR1299. |

| | | |
|---|---|---|
| | *FAC ¶ 22; AR 1299; see AR 832 (identifying a laminectomy as the "gold standard"); see also AR 1059 (same)* | |
| 4. | Post-surgery, Plaintiff submitted a claim to TRICARE for reimbursement of the cost of his August 7, 2017 surgery.<br><br>*AR 9-21* | Admitted. |
| 5. | While Plaintiff's claim submission included documents regarding the November 2017 procedure, Plaintiff had yet to receive a bill for his second surgery when he filed his claim.<br><br>*AR 9-21, 1300* | Admitted. |
| 6. | In his claim, Plaintiff identified his surgery by referencing CPT code 22869 and HCPCS code C1821.<br><br>*AR 13* | Admitted. |
| 7. | CPT code 22869 replaced former CPT code 0171T in December 2016.<br><br>*AR 1300-01* | Denied as to "replaced." Pursuant to the strict requirements of the AMA, in December 2016, the AMA reached a consensus that the Superion product was in widespread use, was consistent with |

– 3 –
PLAINTIFF'S RESPONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| | | current medical practice, and the efficacy was documented in peer-reviewed literature. AR1237-38; AR1252-53. |
| 8. | As of the date of Plaintiff's claim, the TRICARE Policy Manual ("TPM") included the following provisions:<br><br>Chpt. 1, Sec. 2.1, ¶ 1.0: "Any . . . device . . . whose safety and efficacy has not been established is unproven and excluded from coverage."<br><br>Chpt. 1, Sec. 2.1, ¶ 2.1: "A . . . device . . . is unproven [i]f . . . [FDA] approval . . . has not been given"<br><br>Chpt. 1, Sec. 2.1, ¶ 7.0: "TRICARE policy and benefit structure is never based solely on that of other Government medical programs, including Medicare"<br><br>Chpt. 4, Sec. 6.1, ¶ 5.0 "Exclusions," ¶ 5.9: "XSTOP Interspinous Process Decompression System (CPT procedure codes 0171T and 0172T, HCPCS code | Admitted. |

– 4 –
PLAINTIFF'S RESPONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| | C1821) for the treatment of neurogenic intermittent claudication secondary to lumbar spinal stenosis is unproven." <br><br> Chpt. 8, Sec. 5.1, ¶ 2.2: "Not all FDA approved devices are covered. Coverage of a medical device is subject to all other requirements of the law, rules, and policy governing TRICARE. If the device is used for a noncovered or excluded indication, benefits may not be allowed." <br><br> *AR 1318 (Chpt. 1, Sec. 2.1, ¶¶ 1.0, 2.1); AR 1319 (Chpt. 1, Sec. 2.1, ¶ 7.0); AR 1325 (Chpt. 8, Sec. 5.1, ¶ 2.2); AR 1322-23 (Chpt. 4, Sec. 6.1, ¶¶ 5.0, 5.9)* | |
| 9. | In 2019, the TPM was updated to reflect the change to CPT code 0171T and expressly exclude coverage for claims associated with CPT code 22869. <br><br> *AR 1301 n. 7, 1330* | Admitted that more than one year after the procedures at issue in this case, the TPM was amended to contain the exclusion the Secretary contends was there all along. |
| 10. | While Medicare reimbursed $9,232.00 for the August 2017 procedure, TRICARE denied Plaintiff's claim in the amount of $2,378 in late 2017. | Admitted. |

– 5 –
PLAINTIFF'S RESPONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | | |
|---|---|---|---|
| | | *AR 22-23, 28-29, 1300* | |
| | 11. | On March 5, 2018, Plaintiff appealed TRICARE's denial to the Wisconsin Physicians Service ("WPS").<br><br>*AR 45* | Admitted. |
| | 12. | In his appeal to WPS, Plaintiff again did not provide a bill for the November 2017 procedure.<br><br>*AR 45, 55* | Denied. Maddern stated that he had not yet received the bill for the November treatment. AR45. |
| | 13. | On March 12, 2018, WPS denied Plaintiff's appeal on the basis that the TPM excluded coverage of interspinous spacer devices associated with code 0171T and HCPCS code C1821.<br><br>*AR 47, 50-56* | Denied. As stated, the basis for denial was the contention that procedure code 22869 was deemed "investigational." AR56. |
| | 14. | On April 9, 2018, Plaintiff requested formal review from DHA's Office of General Counsel Appeals, Hearings and Claims Collection Division ("Hearings and Appeals").<br><br>*AR 58* | Admitted. |
| | 15. | Matters concerning relatively new medical procedures are referred to the | Admitted that that is what the cited references say. |

– 6 –
PLAINTIFF'S RESPONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| | DHA Medical Benefits and Reimbursement Division ("MB&RD"), which is responsible for ensuring that all medical benefits considered for cost-sharing under TRICARE are supported by scientific peer reviewed literature and within the constraints of the law and regulation. Accordingly, in response to Plaintiff's request for a formal review, Hearings and Appeals submitted a request to MB&RD for a determination regarding TRICARE coverage of interspinous spacer devices, including Superion.<br><br>*AR 830 (referral), 833 (role of MB&RD), 774 (purpose of referral)* | |
| 16. | Between 2007 and 2017, MB&RD had on five separate occasions evaluated the available medical literature regarding interspinous spacer devices and found "a lack of well-controlled studies with a surgical comparator as a factor precluding coverage."<br><br>*AR 778* | Admitted that AR778 contends that such reviews were conducted with regard to "primarily X-STOP." Denied that such reviews were conduct with regard to the Superion product. |
| 17. | On July 31, 2018, in response to | Admitted. |

– 7 –
PLAINTIFF'S RESPONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| | Hearings and Appeals' request, MB&RD issued a Medical Benefit Determination finding "insufficient evidence to recommend the use of [interspinous spacer devices like Superion] for the treatment of [lumbar spinal stenosis]."<br><br>*AR 773-790; see AR 788 (summary of findings)* | |
| 18. | On December 7, 2018, Hearings and Appeals denied the claim after concluding that the Superion device was "unproven in the treatment" of Plaintiff's condition. Hearings and Appeals then advised Plaintiff that he had a right to request a hearing pursuant to 32 C.F.R. § 199.10(d).<br><br>*AR 829-835* | Admitted. |
| 19 | On February 5, 2019, Plaintiff requested a hearing pursuant to 32 C.F.R. § 199.10(d).<br><br>*AR 857-861; see AR 3-4* | Admitted. |
| 20. | Administrative Judge Nicole Noel ("AJ Noel") was assigned as the Hearing Officer, and the hearing was scheduled for | Admitted. |

| | | | |
|---|---|---|---|
| | | August 22, 2019, in San Diego. *AR 868, 910-11* | |
| | 21. | In advance of the hearing, DHA presented its "Statement of Position" regarding the basis for the denial of Plaintiff's claim, which incorporated by reference the decision issued previously by Hearings and Appeals. *AR 836-66; see AR 864, 829-856* | Admitted. |
| | 22. | Prior to and during the hearing, Plaintiff introduced evidence of (1) FDA premarket approval of Superion; (2) Medicare coverage; (3) the success of his surgery; and (4) seven medical articles. *AR 964-1114 (Plaintiff's pre-hearing submissions); AR 1117-1272 (Hearing Transcript); AR 1289-93 (Plaintiff's closing statement); see AR 976- 1044, 1290 (documenting FDA Pre-market approval); AR 1237 (testimony regarding Medicare coverage); AR 1141-1267, 1290-91 (transcript of, and summary of, testimony of Plaintiff, Mrs.* | Admitted. |

– 9 –
PLAINTIFF'S RESPONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| | *Maddern and Dr. Verdolin); AR 1290 (summary of articles submitted)* | |
| 23. | The medical studies presented by Plaintiff consisted of (1) two studies authored by Vikas V. Patel, M.D., that followed outcomes for patients treated with the Superion device as compared with "a control spacer (X-Stop)"; (2) two studies authored by Pierce D. Nunley that followed outcomes for patients treated with the Superion device, with the first study using X-Stop patients as a control group and the second study using no control comparison; (3) a third study authored by Pierce D. Nunley that evaluated the use of opioid medications for patients treated with the Superion device; (4) a study authored by Jason Hartman that evaluated comorbidities only in patients treated with the Superion device; and (5) a study authored by Timothy R. Deer, M.D., that reviewed and evaluated existing peer-reviewed literature.<br><br>*AR 1045, 1053 (Patel); AR 1059-60, 1064-65, 1073 (Nunley); AR1079-80* | Denied. Respectfully, this is such a compound allegation that it is difficult to extract a coherent thread. As shown, Maddern presented the results of 2, 3, 4, and 5 year studies showing the safety and efficacy of the Superion product. AR1045-1073; AR1228-37. With regard to the 2 and 3 year studies (AR1045-58), the results were reported as was a comparison to the X-STOP product. With regard to the 4 and 5 year studies (AR1059-72), the results were reported and no comparison to the X-STOP product was possible because of withdrawal of X-STOP from the market.<br>The Nunley study of Opioid usage (AR1073-78) reported the usage of opioids when using the Superion product as compared to a laminectomy. AR1075-76 (13.3% vs. 23%).<br>The Hartman "comorbidities" study |

– 10 –
PLAINTIFF'S RESPONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | | |
|---|---|---|
| | *(Hartman); AR 1090-91 (Deer)* | (AR1079-89) reported the results of being able to use the Superion product on patients that would have otherwise been unable to obtain treatment. The MIST study (AR1090-1114) was authored by the "luminaires" in the field, reviewed the other studies, and concluded that there is the highest level of evidence that the Superion product is beneficial for patients. AR1244. |
| 24. | On January 21, 2020, AJ Noel issued her recommended decision to the Director's designee, Dr. Kenneth Yale, the Chief, TRICARE Health Plan.<br><br>*AR 1298-1306* | Denied as to "issued." No recommended decision was provided to Maddern until after this case was filed. *See* Dkt. #21 at ¶ 85; Dkt. #24 at ¶ 85. Admitted that AR1298-1306 is a document bearing the date January 21, 2020. |
| 25. | On May 18, 2021, Dr. Yale issued DHA's final decision denying the appeal.<br><br>*AR 1311-1314* | Admitted. |
| 26. | There is no evidence that any DHA representatives engaged in improper *ex* | Denied that there is no evidence. Admitted that Maddern has been prevented from gathering such |

| | |
|---|---|
| *parte* communications regarding Plaintiff's administrative appeal.<br><br>*Order [ECF #23], 7:6-10; Order [ECF #29], 7:14-8:12* | evidence. |

DATED:  June 13, 2022          Reed Smith LLP

By: s/ Avraham E. Aizenman
    Avraham E. Aizenman
    Attorneys for Plaintiff, Ronald Maddern
    Email:   eaizenman@reedsmith.com

By: s/ James C. Pistorino
    James C. Pistorino
    Attorneys for Plaintiff, Ronald Maddern
    Email:   james@dparrishlaw.com

*Attorneys for Plaintiff*

– 12 –
PLAINTIFF'S RESPONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS