UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MADDERN,<br><br>  Plaintiff,<br><br>v.<br><br>LLOYD AUSTIN, *in his capacity as Secretary of the United States Department of Defense*,<br><br>  Defendant. | Case No. 21-cv-1298-MMA (BLM)<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: MOTIONS FOR SUMMARY JUDGMENT**<br><br>[Doc. Nos. 32, 33] |

On October 12, 2022, the parties in this action will appear before the Court for a hearing on Defendant's motion for summary judgment, *see* Doc. No. 32, and Plaintiff's motion for summary judgment, *see* Doc. No. 33. In anticipation of the hearing, the Court issues the following tentative rulings:

    1.    The Court tentatively **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendant's motion for summary judgment.

    2.    The Court tentatively **GRANTS** summary judgment in Defendant's favor as to Plaintiff's first cause of action brought pursuant to 5 U.S.C. § 706(1). The Court tentatively finds that Plaintiff has not identified any agency action that Defendant was legally required and failed to take. *See Norton v. Southern Utah Wilderness Alliance,*

542 U.S. 55, (2004).

3. The Court tentatively **GRANTS** summary judgment in Defendant's favor as to Plaintiff's second cause of action brought pursuant to 5 U.S.C. § 706(2)(A). The Court tentatively finds that Defendant did not abuse his discretion by concluding that the X-Stop exclusion as written in 2017 did not intentionally create a loophole in its long-standing position on the unproven classification of interspinous process decompression (IPD) devices. The Court tentatively finds that Defendant's conclusion that the DHA had a long-standing position on the Superion Device, specifically, merely amounts to harmless error. Further, the Court tentatively finds that Defendant did not abuse his discretion in concluding that Plaintiff failed to meet his burden of demonstrating that his procedure was not unproven. The Court tentatively finds that Defendant's use of the laminectomy as the "standard means of treatment" was not an abuse of discretion based upon the Court's deference to Defendant's interpretation of its own policies and the plain language of the TriCare Policy Manual. The Court tentatively has concerns regarding Dr. Verdolin's testimony as to the abundance of such "reliable evidence," AR 1249, and Defendant's failure to "consider [this as] an important aspect of the problem." *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto Ins. Co.*, 463 U.S. 29, 43 (1983). Nonetheless, the Court tentatively finds that any failure by Defendant in this respect is harmless based upon the record. AR 780.

4. The Court tentatively **GRANTS** summary judgment in Defendant's favor as to Plaintiff's third cause of action brought pursuant to 5 U.S.C. § 706(2)(C). The Court tentatively finds that Plaintiff fails to demonstrate how Defendant's denial of his reimbursement claim was in excess of jurisdiction under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

5. The Court tentatively **GRANTS** summary judgment in Defendant's favor as to Plaintiff's fourth cause of action brought pursuant to 5 U.S.C. § 706(2)(D). The Court tentatively finds that claims brought pursuant to this statute are limited to procedural deficiencies in the rulemaking process, and therefore inapplicable to the present case

and the evidence submitted.

6. The Court tentatively **GRANTS** summary judgment in Defendant's favor as to Plaintiff's fifth cause of action brought pursuant to 5 U.S.C. § 706(2)(E). The Court tentatively finds that the substantial evidence standard under this subsection only applies to challenges to actions taken under the APA's rulemaking provisions. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 414 (1971).

7. The Court tentatively **GRANTS** summary judgment in Defendant's favor as to Plaintiff's sixth cause of action brought pursuant to 5 U.S.C. § 554(d)(1) and (2). The Court tentatively finds that Plaintiff has not put forth evidence raising a triable issue of fact as to whether the ALJ or any employee engaged in improper conduct.

8. The Court tentatively **GRANTS** summary judgment in Defendant's favor as to Plaintiff's seventh cause of action brought pursuant to 5 U.S.C. § 557(c). The Court tentatively finds that § 557(c) is inapplicable because the statutes governing TriCare do not require adjudicatory hearings. Further, the Court tentatively finds that Plaintiff's property interest in TriCare benefits and corresponding procedural due process rights do not require compliance with the APA's procedural requirements under *Mathews v. Eldridge*, 424 U.S. 319 (1976).

9. The Court tentatively **GRANTS** summary judgment in Defendant's favor as to Plaintiff's eighth cause of action. The court tentatively finds that Plaintiff fails to put forth evidence raising a triable issue of fact as to whether he was denied his Fifth Amendment right to an impartial and disinterested decisionmaker.

As these rulings are tentative, the Court looks forward to the oral arguments of counsel.

**IT IS SO ORDERED**.

Dated: October 11, 2022

HON. MICHAEL M. ANELLO
United States District Judge